DUNHAM, BUCKLEY & CO. ET AL. v. RANDALL & CHAMBERS CO. ET AL.
No. 1925.

**1.  Appeal—Waiver of Right—Acceptance of Judgment.**

A creditor who sues to set aside a preferential trust deed, and accepts the proportionate share of the proceeds of the trust awarded him by the judgment, thereby waives his right to appeal from such judgment.

**2.  Same—Offer to Return.**

Plaintiff's offer to return the money, if so required, will not restore the right of appeal.

ERROR from Tarrant.   Tried below before Hon. S. P. GREENE.

*Stanley & Spoonts,* for plaintiffs in error.—Any party dissatisfied with a decree in a cause in equity will not prejudice his right to appeal or to have the cause reheard by consenting to an order consequential upon the decree, as the general rule is that an appeal or writ of error does not suspend the proceedings under a judgment or decree.   Hence it would be absurd to say that if a party, in order to save the expense of a contest upon a point which, supposing the decree to stand, he could not sustain, should obey the decree by consenting to an order consequential upon it, he is by such obedience to be deprived of the right to have the case reheard.   Cravens v. Wilson, 48 Texas, 323, 2 Dan., Ch., Pl. & Pr., 5 ed., secs. 1460, 1467, 1468; Erwin v. Lowry, 7 How. (U. S.), 172-184; O'Hara v. McConnell, 93 U. S., 150-155; Belton v. Smith, 45 Ind., 291; Bond v. Greenwald, 4 Heisk, 454-467; Peer v. Cookerow, 1 McCarter, 361.

*Hogsett & Orrick,* for defendants in error.—One who accepts the benefits of a judgment or decree cannot thereafter sustain an appeal, especially if such benefits so received are greater than they might have been in any event, or might be in case of a reversal.   Twombly v. Railway, 30 S. W. Rep., 81; Sterne v. West, 108 Ind., 222; Railway v. Johnson, 84 Ind., 420; Clark v. Wright, 67 Ind., 224; Railway v. Byington, 14 Iowa, 573; Webster v. St. Croix Co., 71 Wis., 319; Cogswell v. Colley, 22 Wis., 400; Alexander v. Alexander, 104 N.Y., 643; Carll v. Oakley, 97 N. Y., 633; Bennett v. Van Syckel, 18 N. Y., 481; Elliott on Appellate Proceedings, sec. 150.

STEPHENS, ASSOCIATE JUSTICE.—Defendants in error move to dismiss this writ of error because plaintiffs in error have voluntarily accepted the benefits of the judgment of which they complain.

The Randall & Chambers Company, a private trading corporation doing business in Fort Worth, made a conveyance of all its assets subject to execution to a trustee for the benefit of its creditors, giving preference to those named in class A (defendants in error) over those in class B (plaintiffs in error and various other creditors).   Dunham, Buckley & Co., a nonresident firm, brought this suit in the nature of a creditor's

bill, in behalf of themselves and all others similarly situated, alleging (inter alia) the insolvency of the Randall & Chambers Company, and praying the appointment of a receiver, which was granted, and that its assets be declared a trust fund and accordingly pro-rated among all the creditors, which relief was on final hearing denied, the jury having found against the alleged insolvency at the date of the preferential deed. The other plaintiffs in error, also, with one exception, nonresident creditors, but not all of those in class B, made themselves parties in accordance with the prayer of Dunham, Buckley & Co. The decree sustained the preferences in the deed, and ordered the receiver to make distribution accordingly among the several creditors so before the court of the funds in his hands after payment of costs and expenses, the assets having been converted into money pending the litigation. This fund was sufficient to cover the expenses allowed the trustee and receiver, and the claims of the preferred creditors, in full, and, in part, the claims of the other creditors. The amounts so decreed to the several plaintiffs in error were voluntarily accepted by them, as appears from the affidavit of the receiver, who, as well as the Randall & Chambers Company, the trustee, and the preferred creditors, moves to dismiss the writ of error, counsel for plaintiffs in error having consented to this method of proof. The court allowed the trustee, on his plea for compensation and counsel expense prior to the appointment of the receiver, much less than was claimed. Had more been allowed, plaintiffs in error must have received less than they took under the decree. Had the other seventeen creditors in class B joined in the suit, still less would have been received. Had all claimed by the trustee been allowed, nothing would have remained for class B. On the other hand, had the preferences in the deed been annulled, they must, in any event, have received more than was decreed them.

The contention in behalf of the motions to dismiss is, that the principle applied by us in the case of Twombly v. Railway, 30 S. W. Rep., 81, is applicable to this case also. That principle is thus stated in Ency. Pl. & Pr., vol. 2, 174, just out: "It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error." It is also there laid down that "the rule is the same at law and in equity." The text is fully sustained by the numerous cases cited in the foot notes. See, also, Elliot on Appellate Procedure, sec. 150, and cases there cited. The principle has been so generally approved by the highest courts of the various States of the Union that we abstain from a citation of the cases. An able review of many of them may be found in the opinion of the Court of Appeals of Kentucky in Paine v. Worley, 80 Ky., 568, holding that even the execution of a judgment bars the right of appeal of him in whose behalf it is executed.

On the other hand, the Supreme Court of the United States, in the

case of Erwin v. Lowry, 7 How., 184, though apparently not necessary to the disposition of that case, expressed what seems to be a contrary view, afterwards quoted, seemingly with approval, in the case of O'Hara v. McConnell, 93 U. S., 150.   That a partial execution of a judgment will not affect proceedings in error was distinctly ruled in U. S. v. Dashiel, 3 Wall.; 688; but the effect upon such proceedings of a voluntary receipt of the avails of the judgment was expressly pretermitted, as an issue not raised by the facts of that case.   Three of the justices, however, dissented from the view of the majority upon the question decided, on the ground that the election on the part of the plaintiff in error to have the judgment executed was a "retraxit" of his writ of error.   Upon the effect of such execution of the judgment appealed from in this State, the decisions of our Supreme Court seem to be conflicting.   Fly v. Bailey, 36 Texas, 119; Cravens v. Wilson, 48 Texas, 321.   In the opinion in the latter case, the effect on the appeal or writ of error of a "voluntary execution or satisfaction of the judgment by the parties" was expressly left undetermined.

In the absence of a decision by our Supreme Court, or that of the United States, clearly in point, we are of opinion that we ought to follow the strong current of American authority on the question, especially as it seems to proceed from good reason and sound policy.   The rule has often been enforced by our courts that a litigant, except in the matter of pleading his defenses, can not occupy inconsistent positions.   For him to accept the benefits of a judgment while prosecuting an appeal to have it set aside as erroneous, is clearly an instance of such inconsistency; giving him, in case of reversal, an undue advantage over his antagonist, and embarrassing the proceedings in the trial court.   True, it is said in Erwin v. Lowry, supra, in support of the contrary view, that "if the judgment is reversed, it is the duty of the court to restore the parties to their rights."   But while this would doubtless be the duty of the court, would it always have the power to do so?   Take this case for example. Here is the bulk of the assets of an insolvent corporation (found to have become so after the deed was made), constituting the subject matter of litigation, distributed among the several claimants by the decree. Those suing out the writ of error take down their proportions of the fund as decreed, without giving any bond except for costs.   They are nonresidents, with both their persons and property, presumptively, beyond the process of the court.   Suppose their writ of error succeeds and and the case is sent back for a new trial and the preferences of the deed again sustained, with increased allowances to the trustee or receiver, and further costs to be paid out of the common fund before distribution, and especially if they should become insolvent, how could the court discharge its duty of restoring the other parties to their rights?   Or suppose, in such case, other creditors in class B should see fit to come into the case, how could the court discharge its duty to the maker of the trust deed of seeing that each claimant in class B had his proportion of the fund as therein provided?

These questions suggest their own answers. An inspection of the record leads us to the conclusion that if this writ of error succeeds, the result of another trial may reduce the amounts to which plaintiffs in error are severally entitled; hence we conclude that, as we can not say that they have not received more than in any event they would be entitled to, the case is not an exception to the general rule, if indeed the voluntary taking of a part of a common fund which is the subject matter of litigation would be an exception in any case. The decree making distribution thereof would seem to be an indivisible one, the parties taking the several proportions adjudged of the common fund by virtue of the decree itself. We can not well distinguish the position of plaintiffs in error from that of a plaintiff who, failing to recover the full amount of an indivisible demand, appeals from the judgment for the inadequate sum, and yet accepts the amount recovered, which has often been held to be a bar to the right of appeal.

It is contended in opposition to the motions that plaintiffs in error should be allowed to restore the money to the receiver, and in their brief upon the motions they offer to do this, if so required. In support of this contention they cite Murphy v. Murphy, 45 Ala., 123, which also cites McGreelis v. Hindle, 17 Ala., 459. In the Kentucky case above cited, the effect of an actual tender was distinctly put in issue and held not to restore the right to further prosecute the appeal. The Alabama cases were there considered, and held not to support a contrary doctrine. In this view we concur, for the reasons stated in that opinion. In this case no tender has been made, nor has any answer to the motion been filed, offering any excuse for taking down the money, though ample opportunity has been afforded.

The view we take of the law, therefore, requires us to sustain these motions, though it is not without reluctance that we do so.

*Appeal dismissed.*

Delivered October 19, 1895.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—One contention of this motion it may not be amiss to notice. It is insisted that, as the trustee did not appeal from the judgment fixing his compensation and allowance at much less than was claimed, the amount so adjudged is conclusively established, and the judgment in that respect can not be affected by this proceeding in error, though it should be prosecuted to success.

The answer to this is that plaintiffs in error have included the trustee as one of the defendants in error, and their twenty-seventh error is assigned to the court's holding him "entitled to two hundred and fifty dollars for compensation as trustee, and also the further sum of five hundred dollars attorney's fees as such trustee," etc. Should this assignment be sustained, a reversal of this judgment in favor of the trus-

tee would follow, which would reopen that entire issue upon another trial, and make it possible for him to recover more than the whole of the sum decreed and paid by the receiver to the creditors in class B.

We still adhere to our former conclusion, and overrule the motion.

*Overruled.*

Delivered November 15, 1895.

Writ of error refused.