## TEXAS EMPLOYERS' INS. ASS'N v. KING.
### No. 2687.

Court of Civil Appeals of Texas. El Paso.
July 14, 1932.

Rehearing Denied Sept. 12, 1932.

See, also, 49 S.W.(2d) 536.

Wm. M. Cramer, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

PELPHREY, C. J.

This is a suit by appellee to set aside an award of the Industrial Accident Board of Texas. He is seeking to recover compensation for 401 weeks, at his wage rate, in a lump sum.

Appellant answered by general demurrer, general denial, and a plea of accord and satisfaction of the award made by the board. The court sustained appellee's motion to strike out the plea of accord and satisfaction. The case was submitted to a jury on special issues who found: (1) That appellee was injured on or about the 29th day of March, 1930; (2) that such injuries were sustained by him while he was working as an employee of the United Chemical Company; (3) that the injuries were sustained in the course of his employment; (4) that he sustained total incapacity on or about that date; (5) that his total incapacity was the natural result of his injuries; (6) that such total incapacity was permanent; (7) that the payment of compensation to him in weekly installments would result in manifest hardship and injustice to him; (8) that he sustained the permanent loss of the use of his leg; (9) that the United Chemical Company, the Texas Employers' Insurance Association, and the Industrial Accident Board of Texas all received notice of his injuries within 30 days after March 29, 1930; and (10) that he made his claim for compensation with the Texas Employers' Insurance Association and filed his claim with the Accident Board within 6 months after March 29, 1930.

Upon these findings judgment against appellant was rendered for $4,517.96, and it has appealed.

■ Appellant's brief contains thirteen assignments of error and sixteen propositions thereunder. Assignments Nos. 2, 3, 4, and 5 relate to the action of the court in refusing requested special issues.

The statement of facts having been stricken out, the aforesaid assignment cannot be considered.

■■ The first assignment complains of the Court's action in striking out appellant's trial amendment, while assignments Nos. 6, 7, 8, 9, 10, 11, 12, and 13 all raise questions of improper argument of counsel for appellee.

The stricken pleading was as follows:
"To the Honorable Judge of Said Court:

"Comes now the defendant, Texas Employers' Insurance Association, leave of court first had, and files this, its first trial amendment, showing to the court as follows:

"That heretofore, towit: on the 13th day of November A. D. 1930, the Industrial Accident Board of Texas made and entered its final ruling and decision as follows:

"M. M. King, Employee, vs. United Chemical Company, Employer. Texas Employers' Insurance Association, Insurer.
"P–15271.

"On this 13th day of November, A. D. 1930, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by M. M. King against the Texas Employers' Insurance Association, which has not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said United Chemical Company was a subscriber to the Employers' Liability Law, through and by virtue of a policy of compensation insurance carried with the Texas Employers' Insurance Association, and had in its employ one M. M. King, who sustained injuries while engaged in the course of his employment on March 29th, 1930, and whose average weekly wage made the predicate of compensation herein is the sum of $23.08, and consequent rate of compensation the sum of $13.85 per week, and it is so ordered, adjudged and decreed by the Board.

"That said M. M. King suffered total incapacity for the performance of labor in consequence of said injuries for the total period of 24 weeks, and is therefore entitled to recover and have paid to him compensation at the fixed rate of $13.85 per week for the definite period of 24 weeks, all of which has heretofore matured and become due and payable in the total sum of $332.40, and it is so ordered, adjudged and decreed by the said Board.

"That following termination of total incapacity on October 4th, 1930, M. M. King suffered permanent partial incapacity in the percentage of 25% as related to a leg for which he is entitled to recover and have paid to him compensation at the fixed rate of $3.46 per week for the remaining period of 176 weeks, and it is so ordered, adjudged and decreed by the said Board.

"That the aggregate of compensation said M. M. King is entitled to recover from and have paid to him by the Texas Employers' Insurance Association on account of accrued compensation for total incapacity is the total sum of $332.40 together with installment payments of compensation at the fixed rate of $3.46 per week for the remaining period of 176 weeks, same beginning to accrue on October 4th, 1930, and being payable weekly thereafter until the full period of 176 weeks have expired, less credit of sum total of all previous payments of compensation, if any, and less attorneys fee hereinafter ordered paid, and it is so ordered, adjudged and decreed by the said Board.

"That said M. M. King has been represented in the presentation to and prosecution of his claim for compensation before the Board by White and Yarborough, attorneys at law of Dallas, Texas, and the reasonable value of this service rendered in this connection which they are entitled to recover from and have paid to them by the Texas Employers' Insurance Association is a sum that will equal 15% on the unpaid portion of this award, to be paid out of installment payments as they accrue and are paid, and it is so ordered, adjudged and decreed by the said Board.

"That when this award has been paid and satisfied in accordance with its terms and provisions, the said Texas-Employers' Insurance Association will stand fully and finally acquitted and discharged from all liability on account of this claim for compensation, and it is so ordered, adjudged and decreed by the said Board.

"That thereafter this defendant paid to the plaintiff, the full amount of all compensation due under said award, which said amount was accepted by the plaintiff; and that by reason of said facts, all occurring before the filing of this suit, and before the perfection of this appeal, the questions involved in this suit have become moot, and the award of the Board fully discharged in full; that the defendant herein and now tenders to the plaintiff any amount which has or will accrue under the terms of said award, since the date thereof, all compensation due thereon up to the date thereof having been fully paid on November 19th, 1930.

"Wherefore, defendant prays that this cause be dismissed, and further as in its general answer herein."

Appellee's motion to strike out the above pleading reads:

"Now comes M. M. King, plaintiff in the above entitled and numbered cause, and files this his motion to strike defendant's First Trial Amendment from the record for the following good and sufficient reasons, to-wit:

"Because said trial amendment filed by defendant pleads the award of the Industrial Accident Board of Texas, and is pleaded by defendant for prejudicial purposes. This case is here in the District Court to be tried de novo; and the reading of said award or permit said defendant to introduce to the jury said award of the Industrial Accident Board of Texas, and to go into the findings of the award, is prejudicial to plaintiff.

"Wherefore, premises considered, plaintiff prays that defendant be refused permission to file said first trial amendment, and that the same be stricken from the docket, and that said pleading of defendant be not allowed to go to the jury, and for such other orders as to the court may seem just and proper, he will ever pray."

Appellant asserts the following propositions under its assignment: "The allegations in appellant's trial amendment, if true would bar a recovery by appellee," and: "The District Court errs, if it strikes out a defense properly plead on exception or motion before the hearing on the merits."

Appellee counters with the propositions: (1) That, when a compensation case is appealed to the district court, the trial is de novo, and that the pleading setting out the award of the Industrial Accident Board thereby advising the jury of the contents of the award was properly stricken out by the court.

The general rule seems to be that a party who enforces or otherwise accepts the benefit

of a judgment, order, or decree cannot afterward maintain an appeal or writ of error to review the same or deny the authority which granted it. 3 C. J. § 552; Dunham v. Randall & Chambers Co., 11 Tex. Civ. App. 265, 32 S. W. 720; Harper v. Foster et al. (Tex. Civ. App.) 40 S. W. 40 (writ refused).

Appellee in his petition here alleged that on the 17th day of November, 1930, he gave notice of his unwillingness to abide by the decision of the Accident Board, and filed this suit on November 19th, following. Therefore, taking the facts of the stricken pleading as true, he accepted from appellant payments under the award, after having given the notice, and on the same day he filed his suit.

Under such a state of facts we see no good reason why the principle announced by the above authorities would not apply to appellee here. While it is true that the award of the Accident Board in compensation cases is not admissible in the trial de novo, yet, where a party pleads such award in connection with other facts which, if true, would show a defense, we do not believe that a court would be justified in striking out such pleading. The details of the award may not have been necessary to the plea in this case, yet the fact that they were incorporated in the plea should not be used as a reason for denying appellant its right to have a hearing on matters which would, if the allegations were sustained, preclude appellee from recovering against it. The statement of facts having been stricken on the motion of appellee, we have no means of saying whether the facts as alleged were true or not.

In view of the fact that the judgment must be reversed and remanded because of the court's error in striking out the pleading, it will not be necessary to pass upon the assignments raising the question of improper argument of counsel.

The judgment is reversed, and the cause remanded.