## BROWN et al. v. BROWN.
### No. 11167.

Court of Civil Appeals of Texas. Galveston.
May 8, 1941.

Rehearing Denied June 26, 1941.

Charles Murphy, of Houston, for appellant Ernest Brown.

A. F. Sundermeyer, of Houston, for appellant Walter Brown.

Sam G. Croom and C. W. Croom, both of Houston, for appellee.

GRAVES, Justice.

This statement, deemed to be correct, is a compilation and adaptation of those made in the two respective briefs filed by the appellee herein in response to the separate briefs filed by the two appellants:

"Appellee, Irene Brown, as plaintiff, filed her petition in the district court of Harris County, Texas, 55th Judicial District, November 13, 1935, against the appellant, Ernest Brown. This was a suit for divorce—based upon grounds of cruelty—and for the division of the community estate alleged to belong to the plaintiff and the defendant, as well as for the custody of the three minor children born of said marriage.

"On December 7, 1940, plaintiff filed a third amended original petition against her husband, Ernest Brown, wherein she enlarged upon her grounds for divorce, asked for a decree of divorce, a division of the community property, and an accounting between the plaintiff and defendant. In this amended petition, appellant, Walter Brown, was made a party defendant, because he was claiming an interest or title to the property located at 3406 Calhoun Street, Houston, Texas, which plaintiff alleged was the homestead of herself and her children, as well as the community property of her and her husband.

"In his answer filed herein, Ernest Brown denies that the alleged family homestead, situated at 3406 Calhoun Street in the City of Houston, Texas, was community property, but alleges that said property is owned by Walter Brown.

"Ernest Brown also pled a prior separation contract, in which he urged that all property rights between him and the plaintiff, Irene Brown, were determined and divided.

"The plaintiff filed a supplemental petition in reply to defendant's claim of a prior agreement, and urged that the separation agreement between plaintiff and defendant was torn up and destroyed by plaintiff and defendant and cancelled, after a reconciliation in September, 1930, and further alleged that, under the terms of said agreement, she did not receive, nor was she to receive, any part of the community property belonging to her and the defendant, and that said agreement was totally unfair, unjust, and inequitable, and not binding on the plaintiff, Irene Brown; further, in the alternative, that the execution of said agreement was induced by the fraud and duress of said defendant, Ernest Brown.

"As against Walter Brown, plaintiff alleged that Walter Brown is claiming some title and interest to the community property of herself and the defendant, Ernest Brown, designated as 3406 Calhoun Street, Houston, Texas. That she did not know the nature and extent of Walter Brown's claim to said property; that on or about February 1, 1924, Miss A. Mitchell executed and delivered to the defendants, Ernest Brown and Walter Brown, a deed covering said property. That in truth and in fact, said property was bought and paid for by her and Ernest Brown out of their community funds; that Walter Brown did not contribute any money to the purchase price of said property; that plaintiff did not know that said property was put in the joint names, Ernest Brown and Walter Brown; that said property was put in their joint names for the purpose of defrauding and defeating the plaintiff out of her community rights in said property. That in the years 1924 and 1925, certain improvements were erected on said property, the entire cost of which was paid by the plaintiff and defendant, Ernest Brown, out of their community funds; that Walter Brown never contributed any money to the payment of the purchase price of said property or the cost of said improvements; that on completion of the downstairs of the apartment house erected on said property, the plaintiff and defendant, Ernest Brown, and their three children moved in the same and have occupied it continuously as their homestead, except for a period of possibly two years, beginning with the fall of 1928 and ending with the fall of 1930, when plaintiff and her three children lived apart from the defendant, Ernest Brown; that during said period of two years, Ernest Brown occupied said property as his homestead.

"Plaintiff further claimed that on June 1, 1926, (and while plaintiff and the defendant and their children were occupying said property as their homestead) Ernest Brown executed a deed covering said property to Walter Brown, in which deed plaintiff did not join; that the defendant, Ernest Brown, executed said last-mentioned deed for the avowed purpose of defrauding, cheating, and defeating plaintiff out of her community interest in said property. Plaintiff prayed that the title to said property be adjudicated and said defendant, Walter Brown, be decreed to have no right, title, and interest in said property.

"The defendant, Walter Brown, on February 29, 1940, filed a general denial and cross-action against plaintiff, Irene Brown, and co-defendant, Ernest Brown, wherein he alleged that he was the owner of and entitled to the possession of the property described in plaintiff's amended petition (3406 Calhoun), praying that he have judgment against Irene Brown and Ernest Brown for the title and possession of said premises and for the rental value of the same from November 1, 1934, to the date of judgment; and in the alternative, by way of cross-action, he alleged that on February 1, 1924, Mrs. E. A. Mitchell conveyed an undivided one-half interest in said property to said cross-plaintiff and the other one-half to cross-defendant, Ernest Brown; that one-half of the purchase price thereof was paid by cross-plaintiff, Walter Brown, and the other one-half by Ernest Brown out of his separate estate. That the improvements that were thereafter made on said premises were paid for out of the rents from said property. That on June 1, 1926, Ernest Brown executed a general warranty deed conveying his one-half interest in said property to cross-plaintiff, Walter Brown, for which cross-plaintiff paid $500.00, praying that if the court finds that the execu-

tion of the deed to Ernest Brown conveying his separate property and the abandonment thereof to Irene Brown, did not convey the legal title to said one-half interest to cross-plaintiff, that cross-plaintiff have judgment against Irene Brown and Ernest Brown for breach of warranty in the sum of $500.00, with interest from June 1, 1926. In conclusion, said cross-plaintiff prayed that plaintiff, Irene Brown, take nothing on her action against him; that he have judgment on his cross-action against Irene Brown and Ernest Brown for the title and possession of said premises and for his damages, and, in the alternative, that he have judgment against them for breach of warranty."

"Said cause proceeded regularly to trial before a jury, and judgment was thereafter rendered upon said verdict in favor of plaintiff, Irene Brown, against Ernest Brown, for divorce, custody of minor children, division of community property, and for $750.00 attorney's fees; that Walter Brown take nothing on his cross-action against her, and that she, as a representative of the community, recover judgment against Walter Brown for the title to and possession of the property known as 3406 Calhoun Street. A receiver was appointed, instead of commissioners, to make sale of certain property, and divide the proceeds under order of court. From this judgment, the defendants, Ernest Brown and Walter Brown, appealed."

The special issues, together with the jury's respective answers, that are deemed most material, were these:

"No. 1. Has Ernest Brown been guilty of excesses, cruel treatment, or outrages towards Irene Brown of such a nature as to render their living together insupportable? Yes.

"No. 2. Do you find from a preponderance of the evidence that the title to the property at 3406 Calhoun Street was taken in Ernest Brown and Walter Brown for the purpose of defrauding the plaintiff of her interest in the community estate of herself and Ernest Brown? Yes.

"No. 3. Do you find from a preponderance of the evidence that no money belonging to Walter Brown went into the purchase price of the lot known as 3406 Calhoun Street? We do.

"No. 5. What do you find from a preponderance of the evidence to have been the fair and reasonable cost of the con-

structing and erecting of the garage apartment in the rear of 3336 Tuam Street, in the year 1934? $300.00.

"No. 6. What do you find from a preponderance of the evidence to have been the fair and reasonable cost of making additions to the house at 3336 Tuam Street subsequent to the marriage of plaintiff and defendant? $280.00.

"No. 7. What do you find from a preponderance of the evidence to be the market value of the improvements located at 3406 Calhoun Street at this time? $4,000.-00.

"No. 8. What do you find from a preponderance of the evidence to be the reasonable rental value per month of the lot at 3406 Calhoun Street, without improvements from January 1, 1926, down to date? $2.-25.

"No. 9. What do you find from a preponderance of the evidence to be the reasonable market value of the lot without improvements at 3406 Calhoun Street at this time? $800.00.

"No. 10. Has Irene Brown been guilty of excesses, cruel treatment, or outrages toward Ernest Brown of such a nature as to render their living together insupportable? No.

"No. 11. Do you find from a preponderance of the evidence that under the contract of settlement entered into between Irene Brown and Ernest Brown in 1928, it was agreed that Irene Brown should take as her share of the community estate the property at 3332 Tuam Street, together with a payment of $15.00 per month for the support of their children? No.

"No. 12. Do you find from a preponderance of the evidence that at the time of making the contract of settlement in 1928, the deed to the property known as 3332 Tuam Street was made to Irene Brown as guardian and trustee for her children, instead of being made in her name only, at her request? No.

"No. 13. Do you find from a preponderance of the evidence that before executing the contract of settlement in 1928, Ernest Brown threatened to kill Irene Brown, unless she entered into such agreement? No.

"No. 16. Do you find from a preponderance of the evidence that in September, 1930, the plaintiff and defendant were reconciled and did thereafter live together as husband and wife? Yes.

"No. 17. Do you find from a preponderance of the evidence that the contract of separation by mutual consent of the plaintiff and defendant was destroyed by the defendant for the purpose of revocation? Yes.

"No. 18. Do you find from a preponderance of the evidence that part of the consideration of the deed from Ernest Brown to Walter Brown, dated June 1, 1926, was a cancellation of a loan of $350.00 made by Walter Brown to Ernest Brown in August, 1924? No.

"No. 19. Do you find from a preponderance of the evidence that the agreement for a division of the community estate between Irene Brown and Ernest Brown was made in contemplation of divorce, and that thereafter Ernest Brown did file his suit for a divorce in 1929? No.

"No. 22. What do you find from a preponderance of the evidence was the reasonable rental value per month of the house and lot together at 3406 Calhoun Street from November 13, 1934, down to this date? $50.00.

"No. 23. Do you find from a preponderance of the evidence that at the time of the making of the contract of settlement in 1928, Irene Brown left Ernest Brown, with the intention not to return and live with him as husband and wife? No.

"No. 24. Do you find from a preponderance of the evidence that any of the separate money of Ernest Brown was used for the purchase of the lot at 3406 Calhoun, or for the construction of the improvements thereon? $350.00.

"No. 25. Do you find from a preponderance of the evidence that Irene Brown was without sufficient funds and separate estate with which to pay her attorney? Yes.

"No. 26. Do you find from a preponderance of the evidence that this suit was filed and maintained in good faith by the plaintiff? Yes.

"No. 27. Do you find from a preponderance of the evidence that it was necessary to file the suit for protection of the plaintiff's rights for divorce and her property rights, if any? Yes.

"No. 28. What sum of money, if any, do you find from a preponderance of the evidence, if paid now, to be a reasonable attorney's fee for plaintiff's counsel for the prosecution of this suit for divorce and property rights?

"Answer in dollars and cents, if any.

"In answering this issue, you will not take into consideration any of the services rendered by the attorney for the plaintiff, Irene Brown, in this suit as against Walter Brown, nor will you take into consideration any of the other services rendered by him in suits other than this divorce suit.

"To which the jury answered: $750.00."

In this court both appellants essay attacks upon the sufficiency of the evidence to support different ones of the quoted findings; appellant Walter Brown, for his part, asserting merely that there was no evidence to support the findings to the effect that he did not pay any of the purchase price of the 3406 Calhoun Street lot, that the conveyance thereof to him was not made in cancellation of the $350 note, that Ernest Brown used only $350 of his own separate funds upon that lot, and that there was no evidence whatever authorizing the court to appoint a receiver, or to hold the property involved not susceptible of a partition, or to support its order authorizing the receiver to sell one-half of the house on such lot; appellant Ernest Brown, in turn, simply charging that the findings under issues 25, 24, 1, 11, 19, and 2, are each and all either "contrary to the evidence", or "without evidence to support them", for various and sundry specified reasons.

■ After a painstaking examination of the record, to say nothing as to whether or not any of these challenges of the sufficiency of the evidence properly call for a determination of those features, this court finds no lack of support for any one of the questioned findings, nor, indeed, for any other component part of the quoted verdict; in that state of the record, it overrules, without undertaking to restate, or to make a resume of, the great body of the testimony found in the statement of facts touching the fact-issues the court so submitted.

■ Furthermore, as affects appellant Walter Brown, since, as his brief recites, "3406 Calhoun Street is the only property in this suit that Walter is interested in", and since that is the only interest of his of any sort the appeal has to do with, it is this court's conclusion that the jury's findings under special issues 2 and 3, on sufficient evidence, to the effect that the title had been taken into himself and his brother for the purpose of defrauding appellee, and that no money belonging to him had gone into the purchase-price of that lot, determine adversely to him all interests he so

had in this litigation; that being true, it did not lie in his mouth to challenge the appellee's right to maintain this suit against him, because her husband was also a defendant therein and had failed and refused to join his wife in this suit, wherein she sought, as against them both, the protection of that property as her alleged homestead and her community holding along with her husband. These authorities support that conclusion: 23 Tex.Jur., Art. 286, p. 326; 23 Tex.Jur., p. 325.

■ Nor was he, upon like and similar considerations, legally aggrieved over the court's appointment of a receiver to sell such property, as being incapable of equitable partition between her and her husband, as well as being exclusively owned between them. Art. 6096, R.S.1925; Crawford v. Crawford, Tex.Civ.App., 163 S.W. 115.

While this appellant makes a number of other contentions, it is deemed unnecessary to further specifically dispose of them, except in so far as they may be involved in the determination made infra as affecting his co-appellant, Ernest Brown.

■ As to the latter's status, it is likewise considered that the special issues not only correctly embody the material fact-questions raised by the pleadings and testimony as between all three of the litigants, but that the jury's verdict thereon, sufficiently supported by the evidence, as it is found to be, settled the entire controversy adversely to him also; indeed, this court is of opinion that the record as a whole makes out a plain case of the proper exercise by the trial court of the power conferred upon it under Chapter 4, Revised Statutes, Arts. 4629, 4638, 4639, and 4639a, Vernon's Ann.Civ.St. arts. 4629, 4638, 4639, 4639a, to divorce the husband and wife, to divide their estate as it deemed just and right, and to provide for the custody of their children.

As between the appellee and her husband, Ernest Brown, this is the second appeal in this cause; in the first one the 9th Court of Civil Appeals held that the evidence at the former trial, submitted by this appellee against her husband, "clearly entitled her to go to the jury on the issues of cruel treatment, and the trial court erred in refusing her request for submission". Brown v. Brown, Tex.Civ.App., 120 S.W. 2d 850.

This court now determines the evidence on this trial to have been sufficient to support the verdict upon which this divorce was granted.

■ In the next place, appellant Ernest Brown's complaints of the court's refusal to submit his request for issues over whether he had $1,200 as his separate property at the time of his marriage to appellee on June 22, 1920, $700 of it in the Savings Bank, the remaining $500 in bonds, were properly refused, because such matters were immaterial; the only material inquiry was, not whether he had such funds, but what, if any of them, went into the property known as 3406 Calhoun Street, which was covered by subsequent given issue No. 24 requested by him, and answered adversely to him, except as to the sum of $350; that sum the court gave him in the judgment herein, impressing it as an interest in that property itself, and this, in spite of the fact that there is no evidence in this record tending to show that any separate funds he may have had at the time of his marriage were actually put into that particular property.

These complaints of his are, therefore, not well taken, under the authorities. Rippy v. Rippy, Tex.Civ.App., 49 S.W.2d 494, writ of error refused; Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231, writ of error refused; Winters v. Duncan, Tex. Civ.App., 220 S.W. 219, at page 222, writ of error refused.

■ Neither can his criticism of the court's action in refusing to uphold the claimed property settlement, alleged to have been made between himself and his wife in 1928, be upheld; in the first place, the jury's answers under issues 16 and 17 precluded any further assertion of such a right on his part, that alleged agreement having been abrogated between the parties, and the evidence being sufficient to sustain them; moreover, those issues had been submitted to the jury without objection on his part.

A number of other assignments, 5, 7, 9, 10, 11, 16, 20, and 28, assail the $750 allowance for attorney's fees, as made.

■ There was no error shown in this respect, under the findings returned, which, as indicated, were supported by ample evidence. On this feature, appellant's view seems to be that, as he claimed, the appellee was shown to have had sufficient money herself as a part of her community property to have paid at least a part of her attorney's fees, hence her husband could not

be held liable for the entire allowance, especially since the amount of it was also shown to be unreasonable.

This court is wholly unable to see eye to eye with appellant in these contentions, being of opinion not only that the evidence sustained the court's allowance as being a necessary and reasonable one in the circumstances, but that the authorities fully sustain its action in so assessing the whole of it against the appellant. 15 Tex.Jur., 650; Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698; Becker v. Becker, Tex.Civ.App., 299 S.W. 528.

As this court reads the evidence, appellant got more, rather than less, of what he had put of his separate money into 3406 Calhoun Street, in the jury's award of $350 to him on that count; so that he was given an advantage rather than visited with a wrong by the court's approval of that finding and then using it in determining the character of the final judgment, as rendered.

The complaint made for the first time on appeal against the court's fixing a lien on this appellant's separate property at 3336 Tuam Street in appellee's favor, as for $280 of their community funds found to have been spent in improving it, does not appear to have been made at all in his motion for new trial below, hence is not entitled to consideration here; neither was the matter raised by proper pleading there, nor was any evidence offered to support it.

There was further no error, nor any constitutional rights of his violated, in the court's having permitted the appellee to cross-examine Ernest Brown with reference to the memoranda in an individual book of his, admittedly made by him in his own handwriting, in which he listed data concerning his salary, while he was living with the appellee as his wife.

Nor is it this court's interpretation of the judgment that it undertook to adjudicate the title to the property, known as 3336 Tuam Street, as appellant contends, any more than it did that known as 2015 Cater Street, in the City of Philadelphia, Pa.; but that it was merely meant to thereby specifically determine that neither of these properties constituted any part of the community estate of this husband and wife; at any rate, those provisions of the judgment will here be given no more than such effect.

Upon the whole, the cause appears to have been fairly tried, the controlling fact-issues to have been properly submitted to and passed upon by the jury, and the proper judgment to have been rendered thereon, without the denial of any shown right to any one of the three parties to the trial. It is accordingly determined that an affirmance should be had; it will be so ordered.

Affirmed.