### CARLE et al. v. CARLE.
#### No. 4726.

Court of Civil Appeals of Texas. El Paso.

June 7, 1950.

On Motions for Rehearing July 12, 1950.

Dibrell & Gardner, San Antonio, Sam J. Dotson, San Angelo, for appellants.

Conger, Baskin & Casseb, San Antonio, for appellee.

McGILL, Justice.

Appellant has perfected his appeal from certain portions of a judgment of the District Court of Bexar County, 57th Judicial District. Appellee was plaintiff and appellant was defendant in the trial court. Plaintiff sued defendant for a divorce and sought to have certain specified properties set aside to her as her separate property. She also sought to have certain other specified properties which she alleged to be community property of her and defendant partitioned equally between the parties and further sought an equal partition and division of all community property of the parties which she alleged, except as to that specified was unknown to her but known to defendant, and she asked that defendant be required to file a complete inventory within ten days showing the full amount of all properties held by him or in which he had an interest. She also sought to recover from defendant reasonable attorneys fees. The defendant answered by general denial, plead not guilty, and by cross action sought to recover an undivided one-half interest in certain properties alleged by him to be community property of the parties. Trial to a jury resulted in answers to special issues on which the court rendered judgment granting plaintiff a divorce from defendant, setting aside to her certain properties as her separate property and estate, subject, however, to certain offsets in favor of defendant for one-half of indebtedness against said properties which the defendant had paid from community funds, and provided that such offsets should be paid from the proceeds of sale of certain other properties which the court found to be community property of the parties; awarded plaintiff $6,500 as attorney's fees to be deducted from the proceeds of the sale of the community property; appointed a commissioner to take control of and sell the property found to be community under authority of the court, and provided that from the proceeds of such sale such commissioner should pay

plaintiff's attorneys $6,500 out of defendant's community interest therein, and should pay to defendant the amount of the offsets against the property set aside to plaintiff as her separate property "simultaneously with payment to plaintiff of whatever sums are forthcoming to her from the sales of said community property", such disbursements not to be consummated until the indebtedness against the community property sold should be satisfied and the expenses of consummating the sale of the community property should be discharged. The judgment also denied defendant any and all relief prayed for by him.

Appellant filed a formal notice of appeal in which he specified those portions of the judgment from which he desired to appeal. The relevant portion of this notice is here reproduced:

"Now comes the defendant, Louis M. Carle, in the above entitled and numbered cause and gives notice that he desires to appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas from those portions of the Judgement set out below, rendered in said cause on the 19th day of July, 1949:

'that attorney's fees in the sum of $6,-500.00 for plaintiff in behalf of her attorneys are hereby awarded to her, the same to be assessed against the defendant, and to be deducted from the proceeds of his hereinabove found interest in the community estate, upon the sale of such properties of the community estate as are sufficient to total such sum; together with all costs in this proceeding expended, the same to be assessed against the defendant;

'And it further appearing from the pleadings, the evidence, and the above findings of the jury that the following properties are the separate property of the plaintiff, and that the same should be set aside to her; that the indebtednesses found by the aforesaid jury against the hereinafter described properties shall, insofar as the indebtednesses due and owing to defendant are concerned, be deducted from the proceeds of the sales of properties belonging to plaintiff and defendant in com-

munity, and thereby setting aside to plaintiff as her separate property, free and clear of any and all indebtednesses, the following described properties:

'1. The residence, realty, and household furnishings located in the residence, all identified as 344 Park Drive, Olmos Park, Bexar County, Texas;

'2. The service station property, together with the fixtures and equipment thereon, identified as 5401 South Flores Street, San Antonio, Texas.

'It Is Therefore, Ordered, Adjudged And Decreed by the Court that the following properties are set aside to the plaintiff as her separate property and estate:

'1. 605 Guadalupe Street in San Antonio, Texas, together with all fixtures and equipment located thereon.

'2. 344 Park Drive, Olmos Park, Bexar County, Texas, together with all household furnishings located therein, subject to offset in favor of defendant the sum of $7,000 realized from the proceeds of the sale of the community properties hereinafter described, which $7,000 found by the jury to be one-half of the community funds to pay off the indebtedness against plaintiff's aforesaid separate property.

'And further subject to offset in favor of the defendant from the proceeds of the sale of the community properties hereinafter described the sum of $450, which is one-half of the sum found by the jury to have been paid upon the indebtedness owing against such furniture from the community estate of plaintiff and defendant.

'3. The property located at 5401 South Flores Street in San Antonio, Texas, together with all fixtures and equipment located thereon, subject to offset in favor of the defendant of the sum of $250 by deducting same from the proceeds of the sale of the hereinafter described community properties, and the interest of plaintiff in such sale proceeds to the extent of the aforesaid $250; which is one-half of the sum found by the jury to have been community funds used to pay off the indebtedness of plaintiff's separate property.

'The foregoing properties identified by their street addresses are one and the same properties more particularly described in that warranty deed and that bill of sale executed by defendant in favor of plaintiff on April 20, 1939, to which reference is made for a more particular description of said properties;'

"And 'It is further ordered by the Court that any and all relief as prayed· for by defendant, whether the same be in his answer, cross action, or in anywise prayed for, is denied.'

"The Defendant, Louis M. Carle, is in no way excepting or appealing from that portion of said Judgement rendered in said cause which reads as follows: 'It is therefore, ordered, adjudged and decreed by the Court on this 19th day of July, A.D. 1949, that the Plaintiff, Ollie Mae Carle, be, and is hereby granted a divorce from the defendant, Louis M. Carle;' "

We are confronted at the threshold of appellee's brief with objections to our consideration of this appeal because appellant has voluntarily secured and accepted benefits of the judgment rendered by the trial court and has thereby waived his right to appeal therefrom. In order to substantiate such objections appellee has procured and filed in this court a supplemental transcript of the proceedings in the trial court subsequent to the date on which appellant perfected his appeal by filing a cost bond—August 25, 1949. This supplemental transcript reflects the following: On November 9, 1949, the receiver appointed by the court to take control of and sell the property found by the court to be community property filed with the clerk of the trial court an application which is approved by the attorneys for both the plaintiff and defendant in which he represented to the court that he had on deposit in the account of the estate the sum of $21,074.75; that all of the community debts had been paid with the exception of two or three miscellaneous items totaling less than $300 and the expenses of the receiver; he petitioned the court for authority to pay plaintiff's attorneys $6,500 as provided by the judgment; to pay defendant a total of $7,700, being the amount of offsets due him as reimbursement for one-half of the indebtedness against the property set aside as her separate property which defendant had paid out of community funds as provided by the judgment; to pay to plaintiff and defendant each the sum of $2,000 and to pay himself $1,000 as part compensation for services rendered. On the same day the court entered an order directing the receiver to make the payments as prayed for in his petition. On December 1, 1949, appellant by his attorneys filed with the clerk an "Application for Disbursement of Funds in Hands of the Receiver" in which he represented that "under the judgment in this case" the Receiver is granted authority to divide between plaintiff and defendant moneys from time to time after debts "and other provisions of the judgment" have been satisfied; that all debts of the community had been paid with the exception of the compensation of the Receiver; that there was on deposit to the credit of the estate a balance of $20,538.17; that he was in need of five thousand cash for the operation of his business. He requested the court to issue its order giving the receiver authority to make a partial distribution of the cash on hand in the amount of $5,000 to him and $5,000 to plaintiff. On the same day the court ordered the Receiver to make partial distribution as prayed for. On December 9, 1949, the Receiver filed with the Clerk his "Amended Application for Discharge and Termination of Receivership", in which he represented that he had made the respective payments to plaintiff and defendant in compliance with the court's orders on November 9, 1949, and December 1, 1949; that all community debts except the expenses of the Receiver were paid; that he had on hand a balance of $10,538.17. He asked for additional compensation in the sum of $2500 and that after notice and hearing his report be confirmed and he be directed to divide the remaining funds to plaintiff and defendant in accordance with the status of their respective accounts as set forth in an exhibit in which credits and charges were made in accordance with the court's previous orders and the judgment. On the same day the court entered

its order approving the Receiver's report except as to an item of $2,666.70 to which both parties objected. The order directed the Receiver to deposit this sum in the registry of the court to be there held pending disposition of the present appeal; approved the sum of $2500 as additional compensation for the Receiver and directed him to pay same, and then to distribute the balance of $5,371.38 in his hands to plaintiff and defendant in the respective amounts of $2,085.70 and $3,285.68, and provided for the Receiver's discharge after such disbursements and payments had been made. No further proceedings are reflected by the supplemental transcript.

■ Appellee relies upon the familiar rule thus stated in 3-A Tex.Jur. p. 155, Sec. 123: "It is a general rule that if a party voluntarily accepts or secures the benefit of a judgment or decree he thereby waives the right to prosecute an appeal or writ of error therefrom." Citing Texas Employers Ins. Ass'n. v. King, Tex.Civ. App., 52 S.W.2d 668, this court, (Wr. Dis.); Dunham v. Randall & Chambers Co., 11 Tex.Civ.App. 265, 32 S.W. 720, (Wr. Denied); Harper v. Foster, Tex.Civ.App., 40 S.W. 40; See also Matlow v. Cox, 25 Tex. 578, where plaintiff appellant procured satisfaction of judgment by execution.

■ Appellant objects to our consideration of the matters set forth in the supplemental transcript since they relate to proceedings subsequent to the date when he perfected his appeal, and further contends that the rule has no application because he did not appeal from that portion of the judgment which adjudicated certain specified property to be community property of the parties, ordered it sold and the balance of the proceeds of such sale to be divided between the parties after charging and crediting their respective interests as above indicated; that the portions of the judgment from which he did appeal are distinct and severable from such portion of the judgment, citing Woeltz v. Woeltz, 93 Tex. 548, 57 S.W. 35, and Cadwell v. Dabney, Tex.Civ.App., 208 S.W.2d 127 (W.R.N.R.E.). We know of no way by

which voluntary acceptance of the benefits of the judgment can be more reliably shown than by the record of the proceedings subsequent to the date of the judgment, as reflected by the supplemental transcript. In Matlow v. Cox, supra, it does not appear how satisfaction of the judgment by execution was shown, but we assume that it must have been shown by a transcript of the proceedings of the trial court which occurred subsequent to the date of the judgment; whether before or after the appeal was perfected does not appear. We shall therefore consider the matters revealed by the supplemental transcript.

We have concluded that except as to the property described in the judgment as "605 Guadalupe Street, in San Antonio, Texas," the general rule above quoted is applicable. In our opinion appellant did appeal from all portions of the judgment except that portion thereof which granted plaintiff a divorce from defendant, and only that portion of the judgment which set aside to plaintiff as her separate property "605 Guadalupe Street in San Antonio, Texas" is distinct and severable from the other portions of the judgment appealed from. By the express terms of a formal notice of appeal appellant seeks to revise the judgment insofar as it assesses the $6,500 attorney's fee against him and provides that the same shall be deducted from his interest in the proceeds of the sale of the community property; also insofar as the judgment provides for offsets in favor of defendant against the property set aside to plaintiff as her separate property and charges such offsets against the proceeds of the sale of the community property, his contention being that the property set aside to plaintiff is not her separate property. Should appellant prevail in either of these contentions the judgment, insofar as it provides for distribution of the proceeds of the community property ordered sold, would necessarily be affected, and we cannot say that it would be within the power of the trial court to restore the parties to their rights, (see Dunham v. Randall & Chambers Co., supra) even though such power might constitute an exception to the general rule—a point we do not decide.

Under such circumstances, that the portions of the judgment above indicated are not severable from the portion relating to the sale and distribution of the community property is clearly indicated by the following language in the opinion in Woeltz v. Woeltz, supra [93 Tex. 548, 57 S.W. 36]: "Since she has taken a proceeding sufficiently comprehensive in its inception to enable her to bring in review every part of the judgment, her action in securing satisfaction of one part should not estop her from prosecuting her complaints of the other, for the reason that the one of which she has obtained satisfaction will not be affected by any disposition which may be made of her appeal from the other. * * Nor does our decision apply to a case where the appellate proceeding does not embrace a distinct part of a severable judgment of which the appellee or defendant in error seeks to complain. The question which would arise in such a case is not before us."

We therefore hold that appellee's objections to our consideration of the appeal must be sustained and the appeal dismissed except insofar as it covers that portion of the judgment setting aside to plaintiff as her separate property the property described as "605 Guadalupe Street San Antonio, Texas". This portion of the judgment is distinct and severable from all other portions of the judgment and we shall therefore consider appellant's points relating thereto.

Appellant's points complaining of this portion of the judgment are: (1) The description in the judgment is not sufficient to identify the property and the judgment is therefore in violation of the Statute of Frauds and the Statute of Conveyances; (2) the judgment is not authorized by the pleadings; (3) there is no evidence showing that such property is plaintiff's separate property; (4) the uncontroverted evidence established the fact as a matter of law that such property is the community property of plaintiff and defendant; (5) the court erred in submitting question No. 3 ("Do you find from a preponderance of the evidence that the property described as 605 Guadalupe Street is the separate property of plaintiff Ollie Mae Carle, as the term 'separate property' has been defined in this charge?" with the jury answer "Yes") over defendant's objection that there was no evidence raising such issue; (6) if there was any evidence raising such issue the jury's answer thereto is against the great weight and preponderance of the evidence; (7) the jury's answer to special issue No. 3 is without evidence to support same and is contrary to the undisputed evidence which established the fact as a matter of law that the property was the community property of plaintiff and defendant; (8) plaintiff's title to such property was not established by the uncontroverted evidence as a matter of law and there was no jury verdict establishing same by finding such facts as would make the property plaintiff's separate property; (9) the court erred in overruling defendant's objections to question No. 3 to effect that such issue is general and vague and does not confine the jury to the evidence in the case; (10) and does not submit the proposition of the source of the purchase money of said property; (13) and submits a legal question which the jury would be unable to answer without knowing all the law with reference to separate property of a married woman, and which may be considered in determining whether property is separate or community; (11) the court erred in submitting question No. 3 because there is no pleading authorizing the submission of such issue; (12) and because the description of the property therein is not sufficient to identify the same and upon which to base a judgment for any property; (14) prejudicial argument of plaintiff's counsel.

Under the record in this case the description of the property contained in the judgment, i. e., "605 Guadalupe Street in San Antonio, Texas" is sufficient to identify the property. There is no evidence that either party owned or claimed any other property in the locality or at any other location on Guadalupe Street. In Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985, loc. cit. 988, the Supreme Court said: "Of course, where the land referred to in the writing is

all the land the party to be charged owns in a given locality, it is sufficient to describe it in such general terms as 'a certain tract of land, being my own headright, lying on Rush Creek, in the cross timbers', as in Fulton v. Robinson, 55 Tex. 401. But even that case recognizes that the general rule is as stated in Wilson v. Fisher [144 Tex. 53, 188 S.W.2d 150] and Jones v. Carver, [59 Tex. 293] supra. So, in the case at bar, the description of the property in suit as 'the real property and buildings located at No. 1805 South Haskell, Dallas, Texas,' being, as the Tilsons allege, the property and buildings formerly occupied by the Kallus Grocery, would doubtless be a sufficient description of the land to render the contract enforceable, if it had been the only property owned by Hereford in that locality."

Although the quoted language is dicta when applied to the facts before the court in that case, we think it very pertinent and persuasive when applied to the facts of the case at bar. Plaintiff alleged that she owns in her separate right and estate "(b) The property located at and known as 609 Guadalupe Street in the City of San Antonio, Bexar County, Texas, being the filling station property at the corner of Guadalupe and Medina Streets, San Antonio, Texas, consisting of the real estate at such location as well as all furniture, fixtures and equipment located therein, and consisting of and constituting a part of the filling station business operated thereat;"

This is not a suit in trespass to try title, it is a suit for divorce and division of the estate of the parties, in conformity with the provisions of Art. 4638, R.C.S. Under this Statute either party has a right to file and may be required to file such pleadings as will inform the court of the character and extent of the property to be partitioned. Whetstone v. Coffey, 45 Tex. 269, loc. cit. 275. This is all that is required to authorize a judgment ordering a division in conformity with the statute. Plaintiff's pleading above quoted clearly informed the court of the character and extent of the property she claimed and we think it also informed the court of the location thereof, since it was alleged to be at the corner of Guadalupe and Medina Streets, San Antonio, Bexar County, Texas, although the number on Guadalupe Street was erroneously given as 609 instead of 605.

The following facts are established by the transcript and the uncontroverted evidence: The parties were first married on June 3, 1931. They were divorced on November 28, 1938, and remarried on June 10, 1941. Plaintiff's First Amended Original Petition on which the present suit was tried, was filed February 1, 1949, and judgment granting plaintiff a divorce and dividing the property of the parties from which this appeal was prosecuted was entered July 19, 1949. At the time of their first marriage and until the divorce in 1938 defendant was engaged in the retail sale and distribution of oil and gasoline and in general filling station service through the operation of various service stations in San Antonio. Prior to the divorce on November 28, 1938, the parties on October 27, 1938, in contemplation of the divorce, entered into an agreement regarding settlement of their property rights. This agreement was incorporated in the decree. By its terms plaintiff was given certain personal property and the use of the home at 344 Park Drive, and the furniture therein for her life, or until she remarried. Upon her death or remarriage this property should revert to defendant. Defendant was to pay for the indebtedness then existing against the home and the furniture and pay the taxes, insurance and upkeep of the home, and pay $200 per month to plaintiff during her life. Plaintiff relinquished any right, title and interest in all business then engaged in by defendant, recited to be filling station business known as Carle Stations, wholesale oil and gasoline business known as Carle Oil Company in which defendant owned stock, and an oil refinery business in which he owned stock. However, defendant agreed that if he sold any such business or business interests then owned by him he would pay to plaintiff one-half of the net purchase or sale price thereof. The day after the divorce was granted defendant married

another lady at New Braunfels, Texas. On April 20, 1939, he executed two instruments, one in the form of a bill of sale, whereby he purported to sell and deliver to plaintiff thirty-two filling stations including accessory buildings, furniture, tools and equipment which the instrument recited were then owned and operated by the grantor. The instrument also recites that the grantee was the owner of real estate on which four filling stations were located, and that the other 28 stations were then operated by defendant under the trade name of Carle Petroleum Company. The instrument also purports to transfer to plaintiff the leasehold rights of defendant on properties on which these stations were operated. The other instrument is in the form of a warranty deed which purports to convey to plaintiff six distinct pieces of real estate, each subject to certain indebtedness. The consideration is recited to be $10 " * * * and in further consideration that the said Ollie Mae Carle, has agreed to and does hereby accept the property here conveyed to her, and other property this day transferred to her, as payment in full and of complete and full satisfaction of all claims and rights and interests which she may have or be entitled to under and by virtue of a contract between herself and the said Louis M. Carle executed as being in settlement of their community property rights, which contract is dated October 27, 1938; and in further consideration that the said grantee, Ollie Mae Carle, takes and accepts the property hereinafter described and herein conveyed subject to all indebtedness now owing against such property, as will be more specifically hereinafter set out."

The property with which we are concerned and which is described in the judgment as "605 Guadalupe Street in San Antonio, Texas" was conveyed to plaintiff by warranty deed executed by A. Lindsberg and wife, Rose Lindsberg, on May 28, 1942. In this deed the property is described as being the east eighty feet of lot 7, New City Block 238 in the City of San Antonio, County of Bexar and State of Texas. The recited consideration is $10 and "other good and valuable considerations." Plaintiff, the grantee therein, is designated as "Ollie Mae Carle, a feme sole."

It is of course elementary that this property having been acquired by plaintiff during her marriage with defendant, the presumption of community property attached to it.

Art. 4619, Vernon's Ann.Civ.St.; Wilson v. Wilson, 145 Tex. 607, 201 S.W.2d 226. The law imposed upon plaintiff the burden of overcoming this presumption by clear and satisfactory evidence (id.). Counsel refers to certain pages of a voluminous record—a 513 page question and answer Statement of Facts, accompanied by 191 pages of exhibits, in order to point out to us the evidence which he claims discharges this burden. We were not satisfied with these references and we have undertaken the laborious task of reading the entire statement of facts and the exhibits. We are still not satisfied that plaintiff has discharged the burden imposed upon her. We assume that the jury's answer to Question No. 3 in the form it was submitted determined this issue in favor of plaintiff; also that the instruments executed by defendant on April 20, 1939, in view of the jury findings relevant thereto conveyed the property therein described to plaintiff as her separate property. The evidence reveals that shortly after the instruments were executed defendant left San Antonio and went to Arkansas for the purpose of establishing a residence there in order to secure a divorce from his then wife. He was gone for about a year. During this period the business formerly conducted by him under the name of Carle Petroleum Company which consisted of the operation of filling stations was conducted by plaintiff. When defendant returned to San Antonio in March of 1940 he assumed control of the business then being operated by plaintiff under the trade name of Carle Petroleum Company. Plaintiff contends and so testified that from this time until the time of the trial defendant was operating this business as her General Manager, while defendant's contention is that he was a

joint owner in such business; that the instruments of April 20, 1939 had been executed by him to secure plaintiff in his performance of his obligations under the settlement incorporated in the divorce decree of November 28, 1938, or to enable him to establish a residence in Arkansas, with the understanding that the property was to be held in trust for him for this purpose and that the instruments were delivered to his attorney, Mr. George Conger, who is now one of the attorneys of record for plaintiff in this suit, to be held by him and redelivered to defendant when he had secured his divorce in Arkansas, and that such instruments were delivered to him by said attorney after he secured such divorce and they thereby became ineffective. However, assuming that the property transferred to plaintiff by these instruments became her separate property, the evidence is not clear and satisfactory that all of the purchase money paid for the property described as 605 Guadalupe Street in San Antonio, Texas, was derived from the proceeds of the sale thereof as contended by plaintiff. Indeed, the great preponderance of evidence is that at least a portion of this purchase money was derived from the operation of the filling stations—the business carried on under the name of Carle Petroleum Company. If this business was plaintiff's separate property, nevertheless the earnings derived therefrom after her remarriage in 1941 was community property of plaintiff and defendant. Plaintiff testified that the purchase money for this property came from sales of trucks and station equipment which was some of the property defendant had transferred to her by the bill of sale executed by him on April 20, 1939; that the trucks and equipment were sold over a period of about six months and the proceeds of such sales which totalled about $87,000 were deposited in a bank account known as the "Carle Petroleum Company" account, along with moneys derived from the service stations from the sale of goods such as gas and oil, and that the purchase money for the Guadalupe Street property came out of that account. She does not fix the period during which these sales were made. She testified that

payments in large amounts were made from this account to satisfy indebtedness against the home and other properties conveyed to her by defendant. Defendant introduced copies of separate income tax returns for the year 1942 which were signed by him and by plaintiff. The evidence shows that these returns were prepared by a certified public accountant from data taken from the books of the Carle Petroleum Company. Certain schedules are attached to the returns; one schedule reveals that during the year 1942 there were sales of capital assets of the Carle Petroleum Company consisting of station equipment, trucks, trailers, one Cadillac automobile, and furniture and fixtures at a gross sales price totalling $20,414.22. Another schedule shows a net operating profit for the year 1942 of the Carle Petroleum Company of $25,996.20. Apparently all of this money was deposited in the Carle Petroleum Company bank account. It is quite clear, we think, that this evidence does not measure up to the standard of a clear and satisfactory showing that all of the purchase money for the Guadalupe Street property was the proceeds of the sale of plaintiff's separate property and there are no findings what portion of such purchase money was derived from plaintiff's separate property and what portion thereof from the community property. Therefore we conclude that the portion of the judgment setting aside to plaintiff as her separate property 605 Guadalupe Street in San Antonio, Texas, should be reversed and remanded for another trial. In this connection we suggest that on another trial the issues be so formulated as to secure findings as to what portion of the purchase money, if any, for the Guadalupe Street property was derived from plaintiff's separate property, and what portion thereof, if any, was derived from community property of the parties.

The above conclusion renders unnecessary a discussion of appellant's point complaining of prejudicial argument of plaintiff's counsel.

It is ordered that the appeal from all portions of the judgment except that portion thereof which sets aside to plaintiff

as her separate property and estate "605 Guadalupe Street in San Antonio, Texas", together with all fixtures and equipment located thereon, be and the same is hereby dismissed, and that the judgment insofar as it sets aside such property to plaintiff as her separate property and estate be reversed and remanded.

Dismissed in part and reversed and remanded in part.

### On Motions for Rehearing.

Both appellant and appellee have filed motions for rehearing. Appellee complains of our failure to pass on her counterpoint and cross-assignment of error No. 1 to effect that the trial court erred in withholding in its registry the sum of $2666.79 pending the disposition of this appeal, and requests that this court order this sum disbursed equally to appellant and appellee.

The appeal that was perfected in this cause is from the judgment of the trial court entered July 19, 1949. No appeal was perfected from the judgment of the trial court entered December 12, 1949, by which the $2666.79 was impounded in the registry of the court and the receiver ordered discharged. We have no jurisdiction of this matter. The trial court has the power and duty to determine the proper disposition of this fund. We adhere to our views on the other matters complained of by appellee; her motion for rehearing is therefore overruled.

Appellant complains of our holding that appellant by accepting his distributed share of the proceeds from the sale of the property found to be community property by the trial court, and by receiving his part of the community funds used in paying the separate debts of appellee, thereby waived his appeal from the portion of the judgment of the trial court awarding appellee attorney's fees in the sum of $6500 and dismissing appellant's appeal from said portion of the judgment. We have concluded that appellant's motion in this respect should be granted. Appellant has received his interest in the community property which was sold in strict accordance with the judgment of July 19, 1949. However, he has received only what

he was entitled to receive under the judgment. Insofar as the attorney's fee is concerned, appellee's rights are in no way infringed by such conduct. He took nothing from appellee to which he was not entitled under the judgment. His right to appeal should not be affected by the fact that appellee may have received something under the judgment to which she was not entitled. There is still $2666.79 of the proceeds of community property in the registry of the court from which appellant may receive in part his just share of the proceeds of community property sold if the trial court was in error in charging the entire attorney's fee against his interest in the community property rather than against all of the community. Furthermore, under our opinion and judgment we have remanded the cause insofar as the property described as 605 Guadalupe Street is involved, and should it be determined on another trial that such property is community property it is probable that there will be sufficient community property to satisfy the entire amount of attorney's fees awarded therefrom.

It is our view that the trial court did err in charging the entire attorney's fee against appellant's interest in the proceeds of the sale of the community property. The opinion of this court in Becker v. Becker, Tex.Civ.App., 299 S.W. 528 is in apparent conflict with the opinion in Russell v. Russell, Tex.Civ.App., 79 S.W.2d 639 (see Vol. 18 Texas Law Review, pp. 87-88) and with a great deal that was said in Brown v. Brown, 152 S.W.2d 790 by the Galveston Court of Civil Appeals, and in Moore v. Moore, 192 S.W.2d 929 by the Fort Worth Court of Civil Appeals. We think that the sounder view is that attorney's fees incurred by the wife either in prosecuting or defending a divorce suit in good faith are necessaries and are properly chargeable against the community estate of the husband and wife. Therefore, appellant's motion for rehearing on this point is granted and our former judgment in this respect set aside.

The judgment of the trial court insofar as it charged the $6500 attorney's fee against appellant's interest in the proceeds

of the sale of the community property is reversed and judgment here rendered that such attorney's fees be charged against the proceeds of the sale of such community property before any distribution thereof should be made in accordance with the terms of the judgment. In all other respects appellant's motion for rehearing is overruled.