**HOPKINS et al. v. CITY OF DALLAS et al.**

No. 13676.

Court of Civil Appeals of Texas.
Fort Worth.

May 14, 1937.

Rehearing Denied June 25, 1937.

George M. Hopkins, of Denton, for plaintiff in error George M. Hopkins.

H. P. Kucera and A. J. Thuss, both of Dallas, and Speer & Minor, of Denton, for defendant in error City of Dallas.

BROWN, Justice.

The contention is made by the City of Dallas that this cause has become moot and prayer is for a dismissal of the writ of error sued out by George M. Hopkins, plaintiff in error.

This is a condemnation suit whereby defendant in error City of Dallas sought to condemn certain lands alleged to be owned by George M. Hopkins and his wife, Eleanor F. Hopkins, in which a number of other persons were named as defendants who are alleged to be asserting "certain liens, claims or property rights and interest in and to the said real estate." Among these persons the petition names George Milton Hopkins, Jr., and Mary Elizabeth Hopkins, minor children of George M. Hopkins and Eleanor F. Hopkins. It appears from the record that these minor children are the owners of the mineral rights in and under the tract of land in controversy, they being the beneficiaries of a trust estate created by an instrument in writing in which William J. Fields, Jr., is named as the trustee. Said trustee is also made defendant in the original petition filed by the City of Dallas.

The cause having been tried in the county court of Denton county with the assistance of a jury, on the verdict judgment was rendered vesting title in and to the premises in controversy in the City of Dallas as against all of the parties defendant and against First State Bank of Denton, a banking corporation, which had intervened and set up a contract lien

upon the premises executed by Hopkins. The damages returned by the jury amount to $7,777.40, of which sum $6,611.70 was awarded to George M. Hopkins and $1,165.70 awarded jointly to George Milton Hopkins, Jr., and Mary Elizabeth Hopkins, minors and owners of the mineral estate in such land. The judgment further finds that said bank is the owner and holder of an indebtedness against George M. Hopkins in the sum of $6,950, secured by a deed of trust lien on the lands in controversy, and the judgment orders that out of the sum awarded to George M. Hopkins the indebtedness owing to said bank be paid first, and that if there be any surplus same be paid to George M. Hopkins.

George M. Hopkins in his individual capacity and designating himself as amicus curiæ sued out his writ of error and designated the City of Dallas as the only defendant in error. The writ of error bond is executed by George M. Hopkins, individually and as amicus curiæ, and the payee named in the bond is the City of Dallas.

There are several grounds urged in support of the motion to dismiss the writ of error sued out by Hopkins, but we will notice only one.

The verified motion asking for such dismissal, together with affidavits attached as exhibits thereto, discloses to us that George M. Hopkins prepared a release of the said bank's lien and delivered same to the vice president of said bank and instructed the vice president to present same to the county clerk of Denton county, where a deposit had been made under the statutes by the City of Dallas of funds to cover the condemnation judgment and that Hopkins advised the said vice president that the county clerk would pay to him for said bank the amount of the award made in his favor; that the release of such lien was presented to the clerk on or about August 8, 1936, at which time the said county clerk paid to the said vice president of the First State Bank of Denton, for the use and benefit of said bank, the full sum of the award made in favor of George M. Hopkins, and that said sum was applied by the said vice president of the bank upon the indebtedness owed by Hopkins to the bank. The affidavit of the county clerk of Denton county discloses that on August 8, 1936, she paid to the First State Bank of Denton the sum of $6,611.70, being the full amount of the award in favor of

George M. Hopkins in said condemnation suit, and that said Hopkins instructed said clerk to pay the full amount of the award in his favor to said bank.

The release of the deed of trust lien executed by the above-named bank appears in the record. Likewise a receipt executed by said bank to the said county clerk for the entire award made to George M. Hopkins. Likewise an order of the county court dividing the funds on hand belonging to the minor children between them and Joe S. Gambill, attorney, who was appointed guardian ad litem for said minors; and a receipt executed by said Gambill showing that $175 out of the sum awarded the minors was paid to Gambill as attorney's fee; and another receipt in the sum of $50 executed by said Gambill, representing the amount awarded him for acting as guardian ad litem of said minors.

■ George M. Hopkins makes no effort to deny the matters set up in support of the motion to dismiss, but simply contends that the payment of the funds in the hands of the county clerk covering the judgment as rendered does not make the appeal moot. With this contention we cannot agree.

We cannot proceed on the theory that on the appeal a different apportionment of the award thus made would or could be made; nor upon the theory that in a new trial a greater award may be made. It is just as plausible to proceed on the theory that upon another trial a lesser sum may be awarded.

■ The facts on the motion to dismiss have been properly brought before us. 3 Tex.Jur., p. 966, par. 681, and cases cited; Padgitt et al. v. Young County et al., 111 Tex. 98, 229 S.W. 459.

Accordingly, the motion of the City of Dallas to dismiss the writ of error proceedings filed by George M. Hopkins in his individual capacity and as amicus curiæ is granted, and said writ of error is hereby dismissed.

SPEER, J., disqualified and not sitting.

## On Motion for Rehearing.

BROWN, Justice.

This court in Dunham v. Randall & Chambers Co., 11 Tex.Civ.App. 265, 32 S.W. 720, 721, said in a case in which the appellant was circumstanced as is the com-

plainant here: "For him [the appellant] to accept the benefits of a judgment while prosecuting an appeal to have it set aside as erroneous is clearly an instance of such inconsistency, giving him, in case of reversal, an undue advantage over his antagonist, and embarrassing the proceedings in the trial court."

The motion is overruled.