**R. L. McDONALD, Appellant,**

v.

**Paul NOLAN, Appellee.**

No. 3837.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

John O. Hoyt, Humble, for appellant.

O. Etheridge, Conroe, for appellee.

McDONALD, Chief Justice.

Plaintiff, McDonald, instituted this suit against defendant Nolan, upon a note for $782.53, and prayed for foreclosure of chattel mortgage upon certain chattels used in the raising of chickens. Plaintiff further caused a writ of sequestration to be levied upon such chattels. Plaintiff, by supplemental petition, alleged that the note sued on represented a consolidation, accord, satisfaction and novation for three accounts owed by defendant to plaintiff, to-wit: a hog account reduced to $400; a chicken account, $281.43; and an open account, $85.10.

Defendant answered that he did not sign the note; that if he did he was not mentally competent; and that he did not owe the chicken and open accounts; that he did not owe the hog account because he had agreed with plaintiff to build pens and keep plaintiff's hogs and feed them feed to be delivered by plaintiff. Defendant further filed a cross-action for $800, and replevied the chattels involved.

Trial was before the court without a jury, which, after hearing, entered judgment for plaintiff for $350 and provided that each party should pay its own costs.

The Trial Court filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1) The note and chattel mortgage purportedly executed on 26 August, 1957 are of no force and effect and are void, and the cause of action is upon 3 basic accounts as follows: 1) A claim of $482 called a hog account; 2) a claim of $85 called a general account; 3) a claim of $281.43 called a chicken account.

2) That defendant Nolan was not competent to conduct his business affairs prior to September, 1957, and was later committed to a State mental institution.

3) That if defendant Nolan did execute the note and mortgage dated 26 August, 1957, he did so at a time when his mental and physical condition was such that he was not aware of his act and deed.

4) That defendant Nolan did not sufficiently prove any damages on his cross-action to entitle him to any relief.

5) The plaintiff's hog account of $482.47 arose out of a joint venture agreement between the parties which envisioned that plaintiff would furnish hogs and feed and defendant would furnish housing, care and labor for such hogs, for which defendant would be paid only in the event the hogs sold for more than their original cost and feed, but without liability for the cost of the hogs or retail cost of feed.

6) That plaintiff delivered substantially all of the merchandise shown on the chicken account and general account to defendant, and the record will support a judgment in favor of plaintiff for $350.

### Conclusions of Law

1) The transactions as to the hog account constituted in law a joint venture in hog raising, and there being no excess money received over cost of hogs or feed, neither

plaintiff nor defendant is in law entitled to recover against the other.

2) The note and mortgage dated 26 August, 1957 was not the act and deed of Nolan while he was mentally competent, and such note and mortgage are void and of no force and effect.

3) The judgment of $350 having been paid into court with costs, no further action is necessary on the sequestration or replevin bonds.

Plaintiff appeals on 5 points, contending:

1) The Trial Court erred in its finding and conclusion that defendant was incompetent at the time of execution of the note and mortgage because there is no competent evidence that defendant was insane or mentally incompetent to execute such note and mortgage.

2) The Trial Court erred in finding the "hog account" arose out of a joint venture between plaintiff and defendant because there is no pleading or testimony upon which the Court could have a finding of joint venture.

3) The Court erred in failing to render judgment jointly and severally against the defendant and the sureties on defendant's replevy bond.

■ We revert to plaintiff's 1st contention that there was no evidence to support the Trial Court's finding that defendant was mentally incompetent to execute the note and mortgage. Mrs. Nolan testifies that in her opinion defendant was insane on the date the instruments were executed; that for 2 or 3 months he had appeared abnormal and deranged; and that 23 days after the date he was alleged to have signed the note he shot himself in a suicide attempt. The record reflects that thereafter, defendant was committed to the insane asylum in Austin. We think that there is evidence to support the Trial Court's finding that defendant was mentally incompetent on the date of execution of the note. Moreover, we think that such

finding is not against the great weight and preponderance of the evidence, and is ample and sufficient under the rules announced in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Tudor v. Tudor, Tex., 314 S.W.2d 793; and Harrison v. Chesshir, Tex., 320 S.W.2d 814.

■ Defendant's 2nd contention is that there is no pleading or evidence upon which the Trial Court could have a finding that the "hog account" arose out of a joint venture. As noted, defendant plead that he did not owe the "hog account", and further that he and his wife merely "housed" the hogs for plaintiff; that the hogs were plaintiff's and the feed was plaintiff's; that he and his wife agreed only to build pens and houses for the hogs and feed them feed which plaintiff was to deliver to their place. Mrs. Nolan testified that plaintiff was to furnish the hogs and feed and she and defendant were to furnish the "knowhow" and labor and the building, and that she and defendant would collect any profit over the regular retail price of the feed and the hogs; and that the hogs were not sold at any profit.

We think the pleadings and evidence ample and sufficient to support the Trial Court's findings. See Fromme v. West, Tex.Civ.App., 226 S.W.2d 655 (N.R.E.)

■ Plaintiff's 3rd contention is levelled at the failure of the Trial Court to render judgment jointly and severally against defendant and the sureties on his replevy bond. The Trial Court rendered judgment against defendant for $350. The Trial Court found the chattel mortgage to be void, hence no judgment could be rendered against the sureties on the replevy bond. Moreover, the point is moot since the record reflects that the defendant has paid the judgment in full, together with his part of the costs.

It follows that all of plaintiff's points and the contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.