**CITY OF MESQUITE, Appellant,**

**v.**

**John A. RAWLINS, Appellee.**

**No. 179.**

Court of Civil Appeals of Texas.

Tyler.

Jan. 27, 1966.

Rehearing Denied Feb. 24, 1966.

Tim Kirk, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Robert Lee Guthrie, Johnson, Guthrie, White & Stanfield, Dallas, for appellee.

DUNAGAN, Chief Justice.

The City of Mesquite, appellant, instituted this suit against the appellee, John A. Rawlins, for delinquent taxes for the years of 1962 and 1963. The appellee, in addition to his answer, filed a cross action for damages against the appellant alleging that it had illegally, negligently and improperly installed new paving obstructing a drainage ditch which diverted the natural flow of service waters causing defendant's houses and lots adjacent thereto to be flooded with water, which has caused the piers and foundations to rot and the land to remain wet and soggy over long periods of time. The case was tried before a jury, and upon the findings of the jury to Special Issues a judgment was signed and entered on March 1, 1965, that the appellee take nothing by his cross action from which judgment no appeal was perfected; and, awarding appellant judgment in the sum of $2,588.56 for taxes due it for the years of 1962 and 1963 being less than the amount the appellant claimed was due and owing, from which judgment appellant duly perfected its appeal. Appellant is seeking to have this court render judgment for the additional amount of taxes, penalty, interest and attorney's fees sued for which was not recovered by the judgment.

On March 11, 1965, the appellee, John A. Rawlins, wrote Mr. Jimmie Mormon whom the record shows is the Tax Assessor-Collector for the City of Mesquite, as follows:

"March 11th, 1965.

"Mr. Jimmie Mormon, Tax Department, City of Mesquite, Texas.

"Dear Sir:

"RE: Cause Number 78308–I
City of Mesquite, Plaintiff
versus
John A. Rawlins, Defendant.

"By final judgment, dated March 1, 1965, plaintiff was awarded the amount of $2588.56 covering 1962 and 1963 taxes on real estate owned by defendant within the city.

"I enclose herewith CASHIER'S CHECK on the EMPIRE STATE BANK OF DALLAS, numbered A 92020, in payment thereof.

"Very truly yours,

/s/ J. A. Rawlins"

Appellee received from the Tax Department of the appellant a receipt dated March 12, 1965, the following portion written in longhand, which reads:

"Received from John A. Rawlins Cashiers Check Re $2,588.56 for 1962 & 1963 taxes awarded by court."

The following correspondence between the attorneys for the parties followed:

"March 15, 1965

"Mr. Robert Lee Guthrie
Attorney at Law
Republic National Bank Building
Dallas 1, Texas

"Re: Rawlins vs. City of Mesquite

"Dear Mr. Guthrie:

"The City of Mesquite has received a Cashier's Check from Judge Rawlins in the amount of $2,588.56. In his letter he stated that it was the amount determined by a final judgment dated March 1, 1965.

"Since we are in the process of appealing this case, please advise me whether or not you desire that we retain this check without prejudice to the rights of parties on either side, or whether you desire that we return it to Judge Rawlins. It is my understanding that if the check is retained there will be no additional penalty or interest.

"I will hold the check until I hear from you.

"Very truly yours,

SANER, JACK, SALLINGER & NICHOLS

By _____
H. Louis Nichols"

"March 16, 1965

"Mr. H. Louis Nichols
Attorney at Law
1200 Republic National Bank Bldg.
Dallas, Texas

"Re: No. 78,808–I
City of Mesquite
vs. John A. Rawlins

"Dear Louis:

"In reply to your letter of March 15, 1965, Judge Rawlins says he intended for the cashier's check in the sum of $2,588.56 to be a tender of the amount due on the above judgment. He used a cashier's check because he thought this would be more convenient for the City, as well as for himself. If the City objects that the tender was not made in cash, he will be glad to pick up the check and substitute cash therefor. Judge Rawlins wishes to preserve all the rights that such tender gives him.

"Sincerely yours,
Bob
Robert Lee Guthrie"

"March 17, 1965

"Mr. Robert Lee Guthrie
Attorney at Law
1410 Republic National Bank Building
Dallas, Texas   75201

"Re: No. 78308–I, City of Mesquite
vs. John A. Rawlins

"Dear Bob:

"Thank you very much for your letter of March 16, regarding the payment of the judgment in the above styled case. The Cashier's Check is

perfectly satisfactory, but I wanted to be sure that it was agreeable with you that *werretain* the check in view of the fact that we are appealing the Judgment. There is no reason for the check to be picked up, and of course, since the amount of the Judgment has been paid that will stop the running of any penalty and interest.
    "\* \* \*

"Thanking you very much for your cooperation in this matter, I am

"Very truly yours,

SANER, JACK, SALLINGER & NICHOLS

By _____

H. Louis Nichols"

———————◆———————

The appellee has filed motion to dismiss the appeal, because after the appeal was perfected, the appellee tendered to appellant and appellant voluntarily accepted all sums due under the judgment of the lower court and hence having retained the fruits of the judgment, it is estopped to assert the trial court erred in rendering such judgment. We sustain the motion.

The rule is thus stated in Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004:

"A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of Matlow v. Cox, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that '\* \* \* where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, \* \* \*.' 2 Am.Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which

appellee concedes, or is bound to concede, to be due him under the judgment, he is not estopped to prosecute an appeal which involves only his right to a further recovery." The court further said: "The exception is narrow."

The court in the case of Graham v. Caballero, 243 S.W.2d 286, (Tex.Civ.App.) 1951, writ refused, n. r. e., said:

"It is generally and universally held a litigant may not treat a judgment as both right and wrong, and if he accepts the benefits of the judgment, he will not be heard on an appeal therefrom. Carle v. Carle, [149 Tex. 469], 234 S.W.2d 1002. This is but another way of saying a litigant cannot accept the benefits of a judgment and then attack it as wrong." See also Mueller v. Banks, 332 S.W.2d 783, 786, (Tex.Civ.App.) 1960, n. w. h. and Marshall v. Lockhead, 245 S.W.2d 307, 308, (Tex.Civ. App.) 1962, writ refused, n. r. e.

Appellant recognizes the general rule, but contends that it comes within the exception. In the case of Latimer, et ux. v. State of Texas, 328 S.W.2d 242, (Tex.Civ.App.) 1959, writ refused, n. r. e., a condemnation proceeding, the appellee after the appeal had been perfected paid into the registry of the court all sums due under the judgment of the lower court and from there

withdrawn by appellants. The appellee filed a motion to dismiss the appeal because the appellants had voluntarily accepted all sums due under the judgment. The court in dismissing the appeal following the rule pronounced by the Supreme Court in Carle v. Carle, supra, said:

"The case at bar is within the rule but not within the exception. Appellants have no legal assurance that upon another trial they would be awarded as much as was awarded by the judgment from which the appeal was taken. Appellee has never conceded and is not bound to concede that it is intrinsically indebted to appellants for as much as was awarded by the judgment. It did not tender any sum of money to appellants until after the judgment was rendered, did not tender any sum of money in court, * * *."

It can likewise be said of the case at bar that appellant has no legal assurance that upon another trial, it would be awarded as much as was awarded by the judgment from which the appeal was taken; that appellee has never conceded and is not bound to concede that he is intrinsically indebted to appellant for as much as was awarded by the judgment or that the judgment of the trial court was correct or that he had no grounds for appeal; that he did not tender any sum of money to appellant until after the judgment was rendered, nor tender any sum of money in court. At the time the judgment was rendered in the trial court, appellee duly excepted to the judgment of the court.

It might be pointed out that up to March 11, 1965, both sides were attacking the judgment of the trial court. Apparently Rawlins decided to put an end to the controversy and sent to the City Tax Assessor and Collector of the City of Mesquite a cashier's check in full payment of the judgment. The check was accepted by appellant and subsequently cashed.

In the case of Dunham v. Randall & Chambers Co., 11 Tex.Civ.App. 265, 32 S.W. 720, 1895, writ refused, the court said:

"* * * 'It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error.' * * *

"* * * The rule has often been enforced by our courts that a litigant, except in the matter of pleading his defenses, cannot occupy inconsistent positions. For him to accept the benefits of a judgment while prosecuting an appeal to have it set aside as erroneous is clearly an instance of such inconsistency, giving him, in case of reversal, an undue advantage over his antagonist, and embarrassing the proceedings in the trial court. * * *" See also Hopkins v. City of Dallas, 106 S.W.2d 783, (Tex.Civ.App.) 1937, writ refused, and Cox v. Esso Shipping Company, 5 Cir., 247 F.2d 629, 637.

In the case at bar the appellant was not compelled to accept appellee's payment of the judgment awarded by the court and receipt him for the payment thereof. Its act in so doing was voluntary.

We are not unaware of the letter of April 14, 1965, that appellant's attorney Nichols wrote appellee's attorney Guthrie informing him that he was herewith returning the cashier's check which the appellant had received from appellee Rawlins in connection with the City of Mesquite case, because it had not been indicated that this check could be retained by the city without prejudice to its rights on appeal, or without prejudice to the rights of Judge Rawlins. Further seeking by said letter an agreement that the check be accepted without prejudice to the

rights of either party in connection to the pending appeal.

This was the first time that the appellant had requested or demanded any condition be attached to it accepting Rawlins' check in full payment of the judgment. The appellant on March 12, 1965, accepted the check, receipted Rawlins therefor, and appellant's attorney Nichols, in his letter to appellee's attorney Guthrie, dated March 17, 1965, admitted that the judgment had been paid. After the appellee for the first time was so informed that appellant had apparently reversed the action of its unqualified acceptance of the check in payment of the judgment and was now demanding that certain conditions be attached to it accepting and retaining the check, as more than 30 days had elapsed from the date of the judgment, it was too late for the appellee to exercise his right to perfect his appeal, if he so desired, from the portion of the judgment denying to him a recovery on his cross action because the time for perfecting the appeal had expired, and the judgment against appellee on his cross action had become final.

The Supreme Court in Carle v. Carle, supra, said that the general rule therein stated was based on the principle of estoppel.

It was held in Thompson v. Williams, 249 S.W.2d 238, (Tex.Civ.App.) 1952, affirmed 152 Tex. 270, 256 S.W.2d 399, that:

"* * * 'Estoppel is always predicated upon the conception that one pleading it has been mislead to his prejudice by some statement, act, or conduct of another who · thereafter seeks to assert a right inconsistent with such statement, act, or conduct. The basis of estoppel is deception.' Shear Co. v. Wilson, Tex.Com.App., 294 S. W. 843. * * *"

■ It is not necessary to an equitable estoppel that the party should design to mislead, if his act was calculated to mislead another acting upon it in good faith, and exercising reasonable care and diligence under all the circumstances. Glaser v. Henderson, 2 S.W.2d 987, (Tex.Civ.App.) 1928, n. w. h.; Westbrook v. Guderian, 3 Tex.Civ. App. 406, 22 S.W. 59, (Tex.Civ.App.) 1893, n. w. h.

■ A party is estopped whenever he has gained an undue advantage, and has caused his adversary a loss or injury. Johnson v. Byler, 38 Tex. 606 (S.Ct.) and Glaser v. Henderson, supra.

Attorney Guthrie returned the check to attorney Nichols, accompanied by his letter dated April 15, 1965, in part stating:

"Since Judge Rawlins by this check paid the taxes due on property owned by him in the City of Mesquite, he does not have any interest in the check but it is the property of the City of Mesquite. He has asked me to return it to you."

Attorney Nichols' letter of April 16, 1965, to attorney Guthrie, in part reads:

"Since you and your client insist this check be retained by the City of Mesquite and since we do not intend to become involved in merely sending the check back and forth in the mail to each other, I am advising the city that the amount of the check may be applied to the taxes owed by Judge Rawlins, but that the amount does not satisfy the claim of the city for taxes. * * *

"By acceptance of this check, the City of Mesquite does not agree that it is accepted in full payment for the taxes due by Judge Rawlins, nor is it accepted in settlement of the pending lawsuit, nor does it constitute an acknowledgement that the taxes have been paid in full by Judge Rawlins." Thereafter, the Rawlins' check was cashed by the City of Mesquite.

■ It is the settled law of this state that, when an account is made the subject of a bona fide dispute between the parties as

to its correctness, and the debtor tenders his check to the creditor upon condition that it be accepted in full payment, the creditor must either refuse to receive the check or accept the same burdened by its attached condition. If he accepts the check and cashes the same, he impliedly agrees to the condition, although he may expressly notify the debtor that he is not accepting the same with the condition, but is only applying the same as a partial payment on the account. Tarrant Wholesale Drug Co. v. Kendall, 223 S.W.2d 964, (Tex.Civ.App.) 1949, n. w. h.; Root & Fehl v. Murray Tool Co., 26 S.W.2d 189, 191, 75 A.L.R. 902, (Tex. Com.App.); Industrial Life Insurance Company v. Finley, 382 S.W.2d 100, (S.Ct.) 1964; Groves v. Sawyer, 384 S.W.2d 193, 194, (Tex.Civ.App.) 1964, writ refused, n. r. e.

The conditions stated in the letters from Nichols to Guthrie dated April 14th and 16th, 1965, were never agreed to or accepted by the appellee Rawlins. Nor was the check tendered or accepted with such conditions attached. Moreover, the check had been tendered by appellee and accepted by appellant as payment for the full amount of the judgment long prior to these two letters.

Appellee Rawlins, in his letter of March 11, 1965, with his check enclosed, clearly stated without qualifications, he was tendering the check for the payment of the judgment, which necessarily meant pay in full thereof as the check covered the full amount of said judgment. The appellant received and accepted the check burdened with its attached condition which it subsequently cashed.

Even though the words "in full settlement" or "in full satisfaction" were not used by Rawlins in his letter of March 11, 1965, to appellant, nevertheless where the language in which the conditions were named was couched in different terms, but was equivalent in plain meaning, the result would be the same. To our minds, the necessary effect of the langauge of appellee's letter of March 11, 1965, was to name condi-

tions, the acceptance of which would close the controversy and satisfy appellant's judgment; and it is immaterial that he did not employ such phrases as "in full settlement" or "in full satisfaction." Early-Foster Co. v. W. F. Klump & Co., 229 S.W. 1015, 1019, (Tex.Civ.App.) 1921, n.w.h.

It is not contended by Rawlins that he tendered the check to appellant in payment of the amount of the claim that it sued upon. Appellee's contention is that the check was tendered in full payment and satisfaction of the judgment which appellant received against the appellee, and that appellant having accepted the check so tendered that it (appellant) comes within the general rule set out in Carle v. Carle, supra, and therefore is estopped from prosecuting its appeal from the judgment. With this we agree.

It is not appellant's contention that the check was not tendered and accepted in full payment of the amount of the judgment rendered by the trial court in this case. It contends that the correspondence between the attorneys shows that the check was not accepted in settlement of the judgment or as full payment for the taxes claimed by it, and therefore it is not estopped from prosecuting this appeal for the further recovery of the additional taxes claimed, interest, penalty and attorney's fees, all of which were denied to it, relying upon the exception to the general rule stated in Carle v. Carle, supra.

The case at bar is within the rule but not within the exception as pronounced in the case of Carle v. Carle, supra.

The question before this court in disposing of the motion to dismiss is not, Was the check tendered in payment of the amount of the claim appellant sued upon? The question is, Did the tender of the check by the appellee on March 11, 1965, in full payment of the judgment and its acceptance by the appellant satisfy the judgment? We think it did. The acceptance of the check by the appellant is shown by its receipt

therefor on March 12, 1965, and its attorney's (Nichols) letter of March 17, 1965, to Guthrie. It is noteworthy that in Guthrie's letter of March 16, 1965, Nichols was informed that "Judge Rawlins wishes to preserve all the rights that such tender gives him."

■ Appellant's claim which forms the basis of its suit was adjudicated by the court and reduced to judgment in favor of the appellant in the sum of $2,588.56. Therefore, at the time appellee tendered his check to appellant in the sum of $2,588.56, the only lawful claim appellant had against appellee was the judgment. Consequently, the check having fully paid the judgment, the same was satisfied.

■ As a general rule, questions involved in an appeal become moot when the judgment is voluntarily satisfied or complied with by the complaining party and an appellate court will not retain jurisdiction to decide a case after all the parties litigant settle the case. Broadway Plan v. Ravenstein, 364 S.W.2d 741, 743, (Tex.Civ.App.) 1963, writ refused, n. r. e.; Parr v. First State Bank of San Diego, 307 S.W.2d 309, (Tex.Civ.App.) 1957, n. w. h.; City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, (S.Ct.) 1939.

In addition to the other authorities herein cited, our holding that the issues in this case are moot is supported by Padgitt v. Young County, 111 Tex. 98, 229 S.W. 459; Employees Finance Company v. Lathram, 369 S.W.2d 927, (S.Ct.) 1963; McDonald v. Nolan, 346 S.W.2d 952, (Tex.Civ.App.) 1961, n. w. h.

Perhaps appellant was not aware that its acceptance of appellee's check in full payment of the judgment would render moot all disputes between the parties and it could not thereafter prosecute an appeal therefrom. However, it has been held that it is not necessary that it be shown that the appellant knew the legal result of its acceptance of the check, and the mere acceptance will be regarded as assent. 1 Am.

Jur., page 226, Sec. 24; First National Bank of Ritzville v. White-Dulaney Company, 123 Wash. 220, 212 P. 262, (S.Ct. of the State of Washington).

The appeal is accordingly dismissed at the cost of appellant.