Summer Musick **MOLINA**, Appellant,

v.

Randall D. **MOORE**, Appellee.

No. 07–98–0364–CV.

Court of Appeals of Texas, Amarillo.

Sept. 29, 2000.

Law Offices of Davis W. Smith, P.C., Davis W. Smith, Lubbock, for appellant.

Brower and Slavin, P.C., Ken Slavin, El Paso, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

JOHNSON, Justice.

Appellant Summer Musick Molina appeals from the trial court's judgment awarding her less damages than the amount of damages found by the jury. We reverse and render judgment for the amount of damages found by the jury.

## I. BACKGROUND

Appellant sued appellee Randall D. Moore for personal injuries which she suffered in a traffic accident on November 30, 1994, when she was sixteen years of age. Following the accident, appellant complained of soreness and pain, missed a period of work and received chiropractic care. Of the $3,900 in medical expenses which she claimed as a result of the accident, most[1] were incurred between December 2, 1994, and March 27, 1995, while she was a minor and had not had her disabilities of minority removed. On September 16, 1995, appellant married. Suit was filed after her marriage, and in her own name.

The case was tried to a jury. The trial court submitted the question of appellant's damages in the past for physical pain and mental anguish, physical impairment, and reasonable expenses of medical care by a broad form question calling for only one answer. The jury wrote the figure of $4,150 in the answer blank, but also made notations on the jury charge form indicating that the damages figure was comprised of $250 for physical pain and mental anguish, $0 for physical impairment, and $3,900 for medical care.[2]

Appellee moved for Judgment Notwithstanding the Verdict, contending that the jury notations showed the damages finding included $3,900 for past medical expenses. Appellee's motion urged that such amount of $3,900 should be deducted from the damages finding because appellant was a minor when the expenses were incurred, the cause of action for recovery of such expenses did not belong to her, and the evidence at trial did not establish that she was responsible for payment of the expenses. The trial court granted appellee's motion and on August 10, 1998, signed a final judgment awarding appellant $250 together with all costs of court. After entry of judgment, appellee's insurance company issued checks payable jointly to appellant and her attorney in the amounts of $250 and $404. The checks were dated August 31, 1998, and October 2, 1998, respectively. Appellee has attached copies of the checks to his appellate brief and to a Motion to Dismiss the Appeal for Mootness. Appel-

---

1. There is a question whether $90 of the expenses were incurred after appellant was married. The question is not material to our decision.

2. The broad form question asked the jury, "What sum of money, if paid now in cash, do you find would fairly and reasonably compensate SUMMER MUSICK MOLINA for her injuries that resulted from the occurrence in question?" The jury was instructed to consider only the following elements of damages, and to answer in dollars and cents for damages, if any, that were sustained in the past:

Element a. Physical pain and mental anguish
Element b. Physical impairment
Element c. Reasonable expenses of necessary medical care

The jury was instructed to "Write your answers to the questions in the spaces provided." In the one space given the jury to place its answer to the damages question, the jury wrote "$4150.00."

The following notations were handwritten above the total damages answer, but not in the space provided for the jury's answer:

 A=$250.00 B=$0 C=$3,900.00

lee represents by affidavit[3] that the checks were in payment of the judgment amount and court costs awarded by the judgment and that the checks were cashed. Appellant does not dispute such assertions.

Appellant urges by two issues that the trial court erred in granting appellee's motion for judgment notwithstanding the jury verdict, and prays that we reverse and render judgment for the entire amount of damages found by the jury. Appellee has moved for dismissal of the appeal because appellant accepted the benefits of the judgment entered by the trial court. Subject to its motion to dismiss the appeal for mootness, appellee urges that we sustain the trial court's action in reducing the jury's damages answer by the $3,900, which the jury's notations reflect was for past medical expenses. In the alternative, appellant asserts by cross-point that the evidence was legally and factually insufficient to support the jury's finding of $4,150 in damages.

## II. PAYMENT OF THE JUDGMENT

■ We initially address appellee's Motion to Dismiss for Mootness which asserts that appellant's voluntary acceptance of benefits of the judgment entered by the trial court bars her from prosecuting an appeal from the judgment. In support of his position, appellee cites *City of Mesquite v. Rawlins*, 399 S.W.2d 162 (Tex.Civ. App.—Tyler 1966, writ ref. n.r.e.). Appellee also recognizes the exception to the "acceptance of benefits" rule, however, which allows a party to voluntarily accept benefits of a judgment and appeal if reversal of the judgment cannot possibly affect the appealing party's right to the benefits accepted. *See Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). Because appellant does not seek a remand for a new trial, but only seeks reversal and rendition of judgment in her favor, appellee seems to recognize that she might come within the exception to the rule. Thus, apparently seeking to counter appellant's

failure to seek a remand and new trial, appellee urges that because, as part of his cross-issue he seeks a remand and new trial, appellant could possibly receive a judgment for a lesser amount on retrial, and appellant does not fall within the exception discussed in *Carle*. We disagree with appellee's assertions.

### A. Law

■ A litigant cannot voluntarily accept the benefits of a judgment and afterward prosecute an appeal from that judgment. *Carle*, 149 Tex. at 472, 234 S.W.2d at 1004; *Rawlins*, 399 S.W.2d at 165–66. The "acceptance of benefits" doctrine does not apply, however, if the benefit accepted by the party against whom the doctrine is asserted could not possibly be adversely affected by the matters urged on appeal by the party accepting the benefit. *Kahn v. Seely*, 980 S.W.2d 794, 798 (Tex.App.—San Antonio 1998, pet. denied). And, if an appealing party chooses to seek only reversal and rendition of judgment, then the appellate court will not reverse and remand the case. *See Stevens v. National Educ. Centers, Inc.*, 11 S.W.3d 185, 186 (Tex.2000).

### B. Analysis

Appellant accepted payment of both damages and court costs awarded to her by the trial court's judgment of August 10, 1998. If she were seeking reversal of the judgment and remand for a new trial to obtain greater damages than she was awarded under the judgment, she would then be in the same posture as was the City of Mesquite in *Rawlins*, which appellee has cited to us. But she does not seek remand, and thus is not in the same posture as the City of Mesquite.

In *Rawlins*, the City accepted payment of the amount of taxes awarded to it by judgment, then sought on appeal to reverse that same judgment and obtain a new trial to seek a greater award of taxes

3. *See* Tex.R.App.P. 10.1, 10.2.

against Rawlins. The City of Mesquite did not seek a rendition of judgment as appellant does in the matter now before us. The City of Mesquite obtained judgment for the amount awarded by the jury. The court of appeals noted in *Rawlins* that if it sustained the City's request for a new trial, the City might not receive as great an amount on retrial as it was awarded under the judgment from which it was appealing. *Rawlins*, 399 S.W.2d at 166. Accordingly, the City's appeal was dismissed under the acceptance of benefits doctrine.

Should we determine, in considering appellant's issue on this appeal, that the record contains error warranting reversal and that remand for a new trial would be the appropriate remedy, we are not authorized to remand for a new trial because appellant has requested this court only to reverse and render judgment in her favor. *See Stevens*, 11 S.W.3d at 186. Appellee's cross-point and prayer seeking remand for a new trial and raising the possibility that appellant might receive a lesser amount following retrial is not sufficient to estop or otherwise bar *appellant's* right to appeal .[4] *Kahn*, 980 S.W.2d at 798. We deny appellee's motion to dismiss the appeal for mootness.

### III. JUDGMENT NOTWITHSTANDING THE VERDICT

 We next address appellant's issues. She asserts that the trial court erred in granting appellee's motion to disregard jury findings and render judgment notwithstanding the jury verdict. She requests that we render judgment for the full amount of damages found by the jury.

The jury charge submitted three elements of damages to the jury (physical pain and mental anguish in the past, physical impairment in the past, and reasonable expenses of medical care in the past) by a broad form question. The charge form gave the jury one blank to fill in the

amount of money which would "fairly and reasonably compensate [appellant] for her injuries that resulted from the occurrence in question." Neither appellant nor appellee objected to the manner in which the trial court submitted the damages question.

The jury followed the court's instructions. It placed the amount of $4,150 in the jury charge blank which stated "Answer: Summer Musick Molina $_____." The jury additionally made notations which the trial court interpreted as the amounts the jury determined in its deliberations to award for each of the individual elements of damages which it was to consider in arriving at its one damages amount. *See* footnote 2, *supra*. The trial court granted appellee's motion and rendered judgment for $250.

#### A. Law

 The judgment of the court is required to conform to the pleadings, the nature of the case proved, and the verdict of the jury, if any. *See* Tex.R.Civ.P. 301; *First Nat'l Bank in Dallas v. Zimmerman*, 442 S.W.2d 674, 678 (Tex.1969). The jury's verdict in response to a broad form damages question is the answer which is entered in the blank provided for the jury's answer. *See Thomas v. Oldham*, 895 S.W.2d 352, 359 (Tex.1995); *Zimmerman*, 442 S.W.2d at 677–78. Notations made by the jury on the jury charge form otherwise than in the answer blanks and which reflect the jury's mental process in reaching their verdict ". . . are irrelevant, at least in the absence of some overt act of misconduct." *Zimmerman*, 442 S.W.2d at 678.

#### B. Analysis

Appellee's motion for judgment notwithstanding the verdict asserted that the jury segregated its award of damages into $250 for pain and suffering and $3,900 for medi-

---

**4.** The question of whether voluntary payment of the judgment by appellee's insurance carri- er would preclude appellee from seeking a new trial is not before us.

cal care. Such assertion is also presented in his appellate brief as support for the trial court's action. The jury, however, did not segregate its damages verdict into separate answers by making marginal notations on the jury form. *Oldham,* 895 S.W.2d at 359. The jury verdict was $4,150. The remaining notations by the jury reflected the jury's mental processes in reaching its verdict. *Zimmerman,* 442 S.W.2d at 678. The marginal notes cannot be considered as separate damage awards in conducting an evidentiary review of the damages award. *Oldham,* 895 S.W.2d at 359.

The trial court erred in granting appellee's motion. We sustain appellant's first and second issues.

## IV. LEGAL AND FACTUAL SUFFICIENCY OF DAMAGES EVIDENCE

By a cross-issue, appellee challenges the legal and factual sufficiency of the evidence to support the damages verdict of $4,150. As subissues he urges legal and factual insufficiency of the evidence as to each of the elements of damages which the jury was instructed to consider in arriving at its verdict. Appellee also urges as a subissue that if the evidence is insufficient to support any element which the jury was instructed to consider in determining damages, that the damages verdict must be reversed and the case remanded for a new trial pursuant to *Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378 (Tex.2000).

### A. Law

A broad form damages issue may include several elements of damages, yet allow the jury to give only one answer. *See Greater Houston Transp. Co. v. Zrubeck,* 850 S.W.2d 579, 588–89 (Tex.App.— Corpus Christi 1993, writ denied); *Kulms v. Jenkins,* 557 S.W.2d 149, 154 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.). When damages are submitted to the jury in a broad form question, an appellate court cannot ascertain with certainty what amount of the damages award is attributable to each element, *Wal–Mart Stores, Inc. v. Sholl,* 990 S.W.2d 412, 419–20 (Tex. App.—Corpus Christi 1999, pet. denied), even if the jury discloses its mental processes by making marginal notes. *Oldham,* 895 S.W.2d at 359.

In jury cases the trial court is to submit the cause to the jury on broad form questions whenever feasible. TEX. R.CIV.P. 277. Even so, parties have the right to be able to determine, and to have an appellate court determine, whether properly submitted theories constitute the basis of the jury's verdict. *Casteel,* 22 S.W.3d at 388–89. In the face of a timely and specific objection, it is harmful error to submit a broad form jury question commingling valid and invalid theories when it cannot be determined whether the improperly submitted theories formed the sole basis for the jury's finding. *Id.*

When a broad form damages question which does not require separate answers for each element of damages is submitted without objection, the only way to effectively challenge the damages amount on appeal is to address each and every element and show that not a single element is supported by sufficient evidence. *See Sholl,* 990 S.W.2d at 419; *Zrubeck,* 850 S.W.2d at 589.

### B. Analysis

The Texas Supreme Court addressed the commingling of valid and invalid *liability* theories in a single broad form question in *Casteel.* Appellee asserts that the same reasoning expressed in *Casteel* should and does apply to the damages question submitted by the trial court in this matter. Even if we assume that *Casteel* applies to broad form damage questions as well as broad form liability questions, however, we do not find appellee's position to be well founded. Appellee did not timely and specifically object to the form of the damages issue. *See* TEX .R.CIV.P. 272, 274; *Casteel,* 22 S.W.3d

at 389. Error was not preserved for our review. TEX.R.APP.P. 33.1.

 Appellee correctly notes our standard of review for his insufficient evidence challenges to the jury's damages finding. In attacking the legal sufficiency of the evidence to support the damages finding, he must show that there is no evidence to support the finding. *Harris County Appraisal Dist. v. Southeast Texas Housing Finance Corp.*, 991 S.W.2d 18, 20 (Tex.App.—Amarillo 1998, no pet.). The appellate court reviews the evidence and inferences from the evidence in the light most favorable to the finding. *Id.* All evidence and inferences to the contrary are disregarded. *Id.* If a party attacks the factual sufficiency of an adverse finding on which the party did not have the burden of proof, the party must show that the record contains insufficient evidence to support the finding. *Id.* at 21. As to factual insufficiency challenges, the appellate court must consider and weigh all the evidence, both in favor of and against the challenged finding, and should set aside the finding only if the evidence is so contrary to the overwhelming weight of the evidence so as to be clearly wrong and unjust. *Id.*

In viewing the evidence in the light most favorable to the jury's finding of a monetary amount to compensate appellant for her damages, we need not go beyond the elements of physical pain and physical impairment which the jury was instructed to consider. Appellant and her mother, Shelley Musick (Ms. Musick), testified that appellant was injured in the accident. Ms. Musick testified that appellant woke up crying with a headache and very stiff neck on the morning after the accident, whereupon an appointment was made with a chiropractor at the urging of a family friend. The chiropractor showed x-rays of appellant to Ms. Musick and said that appellant had some damage that could possibly stay or get better. Records from the chiropractor's office, admitted without limitation, reflect that appellant complained of her neck and back hurting. Appellant received chiropractic care regularly from De-cember, 1994, through March, 1995. The records show a diagnosis of lumbar sprain, cervical sprain/strain, and "myalgia and myositis, unspc." Appellant and her mother concurred that the chiropractic care helped her symptoms. She was taken off work for one and one-half weeks because of the effects of the accident.

We are not free to set aside a jury verdict merely because we feel a different result is more reasonable. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex.1986). Where the law does not provide a precise legal measure of damages, the amount to be awarded is generally within the discretion of the jury. *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 555 (Tex.App.—Amarillo 1997, pet. denied). We will not substitute our judgment for that of the jury. *Id.*

Disregarding the jury's notations, as we must in our evidentiary review, *Oldham*, 895 S.W.2d at 359, we conclude that the evidence is both legally and factually sufficient to support the jury's finding based on appellant's claimed physical pain and physical impairment. Having so determined, we need not analyze the legal or factual sufficiency of the evidence to support any remaining element of damages which the jury was instructed to consider. *See Sholl*, 990 S.W.2d at 419; *Zrubeck*, 850 S.W.2d at 589. We overrule appellee's sole cross-issue.

## CONCLUSION

Having sustained appellant's two issues and overruled appellee's cross issue, we reverse the judgment of the trial court to the extent it granted appellee's motion for judgment notwithstanding the jury's verdict. We render judgment for appellant in the amount of $4,150. Except as specified herein, the judgment of the trial court is affirmed. Appellee will receive credit for payments previously made to appellant pursuant to the August 10, 1998, judgment. TEX.R.APP.P. 43.2(c), 43.6.