In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00111-CV

                                                ______________________________

 

 

                                 DARIN BALLARD, ET UX,
Appellants

 

                                                                V.

 

                  THE FIRST NATIONAL BANK OF TRENTON, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 37860

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            This is an
appeal by Darin and Cindy Ballard of a summary judgment awarded to the First
National Bank of Trenton (Bank) in a breach of contract case.  The Ballards appeal on the sole contention
that the trial court erred in taking evidence of, and awarding, attorney’s fees
at summary judgment hearing.[1]  

            The record
reveals that the trial court granted the Bank’s “motion for summary judgment in
all regards.”  The Bank’s counsel then
sought to admit his affidavit of attorney’s fees.  The Ballards’ counsel “ask[ed] the Court to
allow us a hearing on the issue of attorney’s fees before attorney’s fees are
awarded on granting of the motion for summary judgment” and complained that the
affidavit “was seen here today for the first time.”  Specifically, he objected “to the Court using
[the affidavit] as the sole basis for an award of attorney’s fees in the amount
that’s stated” and complained of its “conclusory” nature.  To remedy the Ballards’ complaint, the court
swore the Bank’s counsel in, proceeded to question him regarding attorney’s fees,
and allowed cross-examination.  The trial
court granted attorney’s fees to the Bank in the reduced amount of
$16,554.00.  

            The Ballards
argue that the attorney’s fees affidavit and counsel’s testimony should have
been excluded based on Rule 166a(c) of the Texas Rules of Civil Procedure,
which states:  “Except on leave of court,
with notice to opposing counsel, the motion and any supporting affidavits shall
be filed and served at least twenty-one days before the time specified for
hearing . . . .  No oral testimony shall
be received at the hearing.”[2]  They ask that this Court reverse the trial
court’s judgment.[3]  

             The Bank also prays that the trial court’s
judgment with regard to attorney’s fees be vacated and remanded.  Neither party has requested that this
judgment be affirmed.  We cannot grant
relief not requested.  Mauldin v. MBNA Am. Bank, N.A., No.
2-07-208-CV, 2008 WL 4779614, at *4 (Tex. App.—Fort Worth Oct. 30, 2008,
no pet.) (mem. op.) (citing Stevens v.
Nat’l Educ. Ctrs., Inc., 11 S.W.3d 185, 186 (Tex. 2000)); see also Jay Petroleum, L.L.C. v. EOG Res.,
Inc., No. 01-08-00541-CV, 2009 WL 1270251, at *3 (Tex. App.—Houston [1st
Dist.] May 7, 2009, pet. denied); Lentino
v. Cullen Ctr. Bank & Trust, No. 14-00-00692-CV, 2002 WL 220421, at *11
(Tex. App.—Houston [14th Dist.] Feb. 14, 2002, pet. denied) (not designated for
publication) (“We cannot grant relief appellants do not request.”); Molina v. Moore, 33 S.W.3d 323, 327 (Tex.
App.—Amarillo 2000, no pet.); W. End API,
Ltd. v. Rothpletz, 732 S.W.2d 371, 374 (Tex. App.—Dallas 1987, writ ref’d
n.r.e.)  (“What can be better established
than the proposition that relief that has not been prayed cannot be granted?”).


            Due
to the unique disposition of this case, in which both parties to this appeal
request the same relief, we reverse the trial court’s judgment of attorney’s
fees and remand for further proceedings on this sole issue.  

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          June
16, 2010

Date Decided:             June
29, 2010

 

 

 

 

 

 











[1]The
Ballards do not allege that the summary judgment was improper.  





[2]Rule
166a(e) provides:

 

[i]f
summary judgment is not rendered upon the whole case or for all the relief
asked and a trial is necessary, the judge may at the hearing examine the
pleadings and evidence on file, interrogate counsel, ascertain what material
fact issues exist and make an order specifying the facts that are established
as a matter of law, and directing such further proceedings in the action as are
just.

 

Tex. R. Civ. P. 166a(e).

 





[3]The
Ballards do not ask this Court to render judgment.  In any event, if successful, the Ballards
would only be entitled to a reversal and remand of the trial court’s attorney’s
fee award.