

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00111-CV
_____

DARIN BALLARD, ET UX, Appellants

V.

THE FIRST NATIONAL BANK OF TRENTON, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 37860

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

This is an appeal by Darin and Cindy Ballard of a summary judgment awarded to the First National Bank of Trenton (Bank) in a breach of contract case. The Ballards appeal on the sole contention that the trial court erred in taking evidence of, and awarding, attorney's fees at summary judgment hearing.[1]

The record reveals that the trial court granted the Bank's "motion for summary judgment in all regards." The Bank's counsel then sought to admit his affidavit of attorney's fees. The Ballards' counsel "ask[ed] the Court to allow us a hearing on the issue of attorney's fees before attorney's fees are awarded on granting of the motion for summary judgment" and complained that the affidavit "was seen here today for the first time." Specifically, he objected "to the Court using [the affidavit] as the sole basis for an award of attorney's fees in the amount that's stated" and complained of its "conclusory" nature. To remedy the Ballards' complaint, the court swore the Bank's counsel in, proceeded to question him regarding attorney's fees, and allowed cross-examination. The trial court granted attorney's fees to the Bank in the reduced amount of $16,554.00.

The Ballards argue that the attorney's fees affidavit and counsel's testimony should have been excluded based on Rule 166a(c) of the Texas Rules of Civil Procedure, which states: "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing . .

---

[1]The Ballards do not allege that the summary judgment was improper.

2

. . No oral testimony shall be received at the hearing."[2]  They ask that this Court reverse the trial court's judgment.[3]

The Bank also prays that the trial court's judgment with regard to attorney's fees be vacated and remanded.  Neither party has requested that this judgment be affirmed.  We cannot grant relief not requested.  *Mauldin v. MBNA Am. Bank, N.A.*, No. 2-07-208-CV, 2008 WL 4779614, at *4 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.) (citing *Stevens v. Nat'l Educ. Ctrs., Inc.*, 11 S.W.3d 185, 186 (Tex. 2000)); *see also Jay Petroleum, L.L.C. v. EOG Res., Inc.*, No. 01-08-00541-CV, 2009 WL 1270251, at *3 (Tex. App.—Houston [1st Dist.] May 7, 2009, pet. denied); *Lentino v. Cullen Ctr. Bank & Trust*, No. 14-00-00692-CV, 2002 WL 220421, at *11 (Tex. App.—Houston [14th Dist.] Feb. 14, 2002, pet. denied) (not designated for publication) ("We cannot grant relief appellants do not request."); *Molina v. Moore*, 33 S.W.3d 323, 327 (Tex. App.—Amarillo 2000, no pet.); *W. End API, Ltd. v. Rothpletz*, 732 S.W.2d 371, 374 (Tex. App.—Dallas 1987, writ ref'd n.r.e.)  ("What can be better established than the proposition that relief that has not been prayed cannot be granted?").

---

[2]Rule 166a(e) provides:

> [i]f summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

TEX. R. CIV. P. 166a(e).

[3]The Ballards do not ask this Court to render judgment.  In any event, if successful, the Ballards would only be entitled to a reversal and remand of the trial court's attorney's fee award.

Due to the unique disposition of this case, in which both parties to this appeal request the same relief, we reverse the trial court's judgment of attorney's fees and remand for further proceedings on this sole issue.

Jack Carter
Justice

Date Submitted: June 16, 2010
Date Decided: June 29, 2010