*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-10-00046-CV

Rosa M. **MARTINEZ**,
Appellant

v.

**STATE OFFICE OF RISK MANAGEMENT**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 06-01-25038-CV
The Honorable James Simmons, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:         Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   January 19, 2011

REVERSED AND REMANDED

Rosa M. Martinez appeals the trial court's judgment reversing a decision of the Texas Department of Insurance, Division of Workers' Compensation Appeals Panel ("Appeals Panel"). Martinez raises four issues on appeal relating to jury charge error. Because we conclude the jury charge contained reversible error, we reverse the trial court's judgment and remand the cause to the trial court for a new trial.

**BACKGROUND**

Rosa M. Martinez worked as a school custodian. On March 10, 2004, Martinez was injured when she and two other employees moved a soda vending machine. After Martinez sought treatment for her injury, the State Office of Risk Management ("SORM") challenged coverage under the Texas Workers' Compensation Act.

The parties were unable to reach an agreement at a benefit review conference, so a contested case hearing was held to decide three issues: (1) whether Martinez sustained a compensable injury on March 10, 2004; (2) whether Martinez had disability, and if so, for what period(s); and (3) whether Martinez's compensable injury of March 10, 2004, if any, included a herniated disc and at what level. The hearing officer found that Martinez's "act of assisting in the movement of the soda vending machine on March 10, 2004 caused a low back injury" and "was a producing cause of [Martinez's] herniation at L5-S1." The hearing officer also found that Martinez "was unable to obtain and retain employment at wages equivalent to her preinjury wage" as "a result of her work-related injury of March 10, 2004." The hearing officer concluded: (1) Martinez sustained a compensable injury on March 10, 2004; (2) the compensable injury included a herniated disc at L5-S1; and (3) Martinez had disability beginning March 15, 2004, through the date of the contested case hearing on August 17, 2005. The hearing officer signed his order on August 22, 2005. SORM appealed the hearing officer's decision to the Appeals Panel which affirmed the ruling and adopted the decision of the hearing officer as the final decision of the Appeals Panel.

SORM filed suit in district court to challenge the Appeals Panel's decision. SORM's petition asserted that SORM challenged the following enumerated conclusions of law:

3.     The Claimant sustained a compensable injury on March 10, 2004.

4. The Claimant's compensable injury of March 10, 2004, includes herniated disc at L5-S1.

5. The Claimant had disability beginning March 15, 2004, through the date of the contested case hearing [August 17, 2005].

Despite SORM's challenge to three independent issues, the first question in the jury charge asked, "Did Defendant, Rosa M. Martinez[,] sustain a compensable injury on March 10, 2004 that included a herniated disc at L5-S1?" The remaining questions relating to disability and attorney's fees were conditioned on the jury answering "yes" to the first question.

At the jury charge conference, Martinez's attorney objected to the first jury question because it combined two independent issues in one question. The trial court overruled the objection. Because the jury answered "no" to the first question, the jury did not answer the other two questions. Based on the jury's answer, the trial court signed a judgment reversing the decision of the Appeals Panel. Martinez appeals.

## DISCUSSION

Texas Rule of Civil Procedure 277 requires a trial court to submit those questions that enable the jury to return a proper verdict. TEX. R. CIV. P. 277. The trial court has great discretion in submitting the jury charge. *Villegas v. Tex. Dept. of Transp.*, 120 S.W.3d 26, 37 (Tex. App.—San Antonio 2003, pet. denied). The trial court's discretion is subject, however, to the requirement that the jury charge must properly submit the disputed issues for the jury's deliberations. *Id.* "If an issue is properly pleaded and is supported by some evidence, a litigant is entitled to have controlling questions submitted to the jury." *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 718 (Tex. 1995).

In her first issue, Martinez contends the trial court erred in combining two separate controlling issues of fact into one jury question. As a result, the jury did not separately answer whether Martinez sustained a compensable injury.

SORM initially responds that Martinez did not preserve this issue for our review. We disagree.

An objection is sufficient to preserve a complaint for appellate review if it states the grounds for the ruling that the complaining party seeks with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). In this case, Martinez's attorney objected to the jury question as follows:

> With regard to Question No. 1, Judge, it is a broad form submission and it merges two of the issues, the compensable injury with the herniated disc issue. I will object to the failure to granulate those separate issues for the reason that some evidence may be included on the compensability issue and not on the herniated disc. In a jury finding of yes or no on this, you cannot determine which issue they're determining and we are entitled to a de novo trial on each separate issue in the case.

This objection is sufficiently specific to make the trial court aware of the complaint. This is particularly true given that SORM's pleadings list three separate issues that it sought to challenge. Moreover, in addition to the pleadings, the existence of three separate issues was mentioned during the testimony at trial. Specifically, during the questioning of Dr. Luis Duarte, counsel informed Dr. Duarte that three issues were to be discussed, stating:

> Q. There are a few issues in this case, and in this case Ms. Martinez has prevailed at the Commission now twice. And the issues are: Did the Claimant sustain a compensable injury on March 10 of 2004. And Number 2 is: Did the Claimant — and that would be Ms. Martinez — have disability, and if so, for what periods? And then Number 3 is: Did the Claimant — Did the Claimant's compensable injury of March 10 of 2004, if any, include a herniated disc, and if so, at what level?

Similarly, the existence of the three separate issues also was discussed when SORM's attorney

cross-examined Martinez's attorney with regard to attorney's fees as follows:

> Q.      All right.  And let me address just the issues in this particular case.  We have three issues basically.  Is that your understanding of the issues in this particular case?
> A.      Yes, sir, there are three issues.
> Q.      The compensable injury issue, whether there's a compensable injury?
> A.      Whether there was a compensable injury is issue 1.
> Q.      Issue No. 2 is did that compensable injury extend to or include a herniated disc?
> A.      That's correct.
> Q.      And those are what we call — as workers' comp layers we call those extent issues, correct?
> A.      Question 2 —
> Q.      Question 2.
> A.      — whether or not the compensable injury extends to and includes a herniated disc, is an extent issue yes, sir.
> Q.      And both Question 1— the compensability issue, that's a fairly common issue that is tried by workers' comp lawyers across the state.  Would you agree with that?
> A.      I would say that.  I would say that's almost always one of the issues when they throw the fishnet at you.
> Q.      And the extent issue is also a fairly common issue that is tried by workers' comp lawyers across the state?
> A.      Repeat the first part.
> Q.      That the extent issue — the extent issue is a fairly common issue in these cases across the state of Texas?
> A.      Less common than Issue 1.
> Q.      Okay.
> A.      I do see it quite a bit.
> Q.      And disability, of course, you've told us that that's a fairly common issue?
> A.      Always.  Disability is always in it.
> Q.      Have you been able to segregate your time between each one of these three issues?
> A.      No.

Although the objection made to the charge in itself was sufficiently specific, the trial court also

must have been aware of the existence of three separate issues from the pleadings and the

testimony. Accordingly, we hold that the objection by Martinez's attorney properly preserved her complaint regarding the first jury question for appellate review.[1]

SORM next contends that Martinez failed to exhaust her administrative remedies because she did not appeal the lack of findings of any sprain/strain type injury to the Appeals Panel. SORM bases this contention on its interpretation of the hearing officer's decision, asserting that the hearing officer did not make any findings of fact or conclusions of law regarding a strain/sprain injury. We disagree with SORM's interpretation of the hearing officer's decision. The hearing officer initially found that Martinez sustained a compensable injury on March 10, 2004. The hearing officer also found that Martinez's compensable injury *includes* a herniated disc. The hearing officer does not find that Martinez's compensable injury was limited to a herniated disc. Accordingly, Martinez was not required to challenge the administrative decision in order to raise her jury charge complaint on appeal.

Having found that Martinez preserved her complaint regarding the first jury question for our review, we turn to the merits of her contention. We initially note that in the workers' compensation context, the Texas Supreme Court has expressly recognized a distinction between the issues of: (1) compensability; and (2) extent of injury. *See State Office of Risk Mgmt. v. Lawton*, 295 S.W.3d 646, 649 (Tex. 2009). "[T]he compensability of the injury itself" relates to "the carrier's liability for the claim as a whole." *Id*. This is distinct from "extent of injury" disputes which relate to "an aspect of the claim" or a "dispute over the amount or type of benefits, specifically, medical benefits, to which the employee is entitled (i.e. what body

---

[1] SORM also refers to preservation of error in the context of *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 389 (Tex. 2000). However, a *Casteel* issue arises when a trial court submits valid and invalid liability theories in a single broad form question. *See Molina v. Moore*, 33 S.W.3d 323, 328 (Tex. App.—Amarillo 2000, no pet.). In this case, both of the factual issues are valid issues.

areas/systems, injuries, conditions, or symptoms for which the employee is entitled to treatment)." *Id.*

The distinction between these two issues in the instant case becomes readily apparent from the testimony of Dr. Daniel Valdez who performed a required medical examination on Martinez at the request of SORM. Dr. Valdez testified that Martinez suffered a strain or sprain in her lower back as a result of the movement of the soda vending machine. Dr. Valdez testified that Martinez should have been able to return to work after suffering such a strain or sprain in two to six weeks. Dr. Valdez disagreed that the herniated disc was caused by the injury of March 10, 2004. Accordingly, based on Dr. Valdez's testimony, a jury could have found that Martinez suffered a compensable injury in the form of a sprain or strain but that the compensable injury did not include the herniated disc. Dr. Valdez's testimony regarding the two separate injuries is further documented in his written report which was introduced into evidence. In his written report, Dr. Valdez lists two separate diagnoses: (1) "[s]train caused by pulling a cold drink machine;" and (2) "small herniation present on MRI." Similarly, Martinez's treating physician, Dr. Alberto N. Martinez, initially diagnosed Martinez as having acute lumbar sprain prior to the MRI revealing the herniated disc. Dr. Martinez testified that his assessment was "chronic lumbar pain with acute exacerbation *and* a herniated disc at L4-5." Finally, Dr. Bruce R. Alter, a designated physician who examined Martinez at the request of the Texas Workers' Compensation Commission, stated in his written report, "As far as her injury, I am not disputing her injury. The patient has acute lumbosacral strain."

Based on the foregoing evidence, the distinction between compensability and extent of injury was an important one, and the jury needed to separately resolve each issue. SORM argues

that trial courts are encouraged to use broad form submission, and the first jury question was "a properly submitted broad-form question." We disagree.

Rule 277 only requires that issues be submitted to a jury in broad form "whenever feasible." TEX. R. CIV. P. 277. The "adoption of broad-form jury submissions was intended to simplify jury charges for the benefit of the jury, the parties, and the trial court." *Romero v. KPH Consol., Inc.*, 166 S.W.3d 212, 230 (Tex. 2005). "It was certainly never intended to permit, and therefore encourage, more error in a jury charge." *Id.* The Texas Supreme Court recognizes that broad form submission is "not always practicable." *Id.* Based on the pleadings and the evidence presented, we hold the trial court erred in combining the compensability and extent of injury issues in one jury question in this case.

Having determined that the jury charge contained error, we must consider whether the error requires us to reverse the trial court's judgment. A judgment must be reversed on appeal where the error complained of "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1). In this case, the trial court conditioned the jury's responses to the disability question and the attorneys' fee question on responding affirmatively to the first jury question. Had the issues relating to compensability and extent of injury been separated, the jury could have found Martinez sustained a compensability injury for which she had disability even if the jury found that the herniated disc was not included in the compensable injury. In addition, even if Martinez only prevailed on some of the issues for which SORM sought judicial review, Martinez would be entitled to recover attorneys' fees for the issues on which she did prevail. TEX. LAB. CODE ANN. § 408.221(c) (West 2006). Therefore, we hold that the jury charge error probably caused the rendition of an improper judgment, thereby requiring reversal. TEX. R. APP. P. 44.1(a)(1).

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for a new trial.

Phylis J. Speedlin, Justice